ADAM et al. v. VACQUIER (JANSSON, Third Party Defendant).

No. 2162.

District Court, W. D. Pennsylvania.

Oct. 26, 1942.

McCrady, Nicklas & Hirschfield, of Pittsburgh, Pa., for plaintiff.

Dickie, Robinson & McCamey, of Pittsburgh, Pa., for defendant and third party plaintiff.

Challener & Challener, of Pittsburgh, Pa., for third party defendant.

SCHOONMAKER, District Judge.

This case came before the court on the motion of Tekla Jansson, third-party defendant, to quash the summons directed to her in the third-party complaint filed herein by the defendant, for the reason the alleged cause of action was barred by the statute of limitations.

The plaintiff, Maude Adam, was injured on June 6, 1940, as the result of a collision of an automobile driven by Tatania L. Vacquier, the defendant, and one driven by the third-party defendant, Tekla Jansson, in whose car the plaintiff was riding as a passenger.

Suit was filed June 21, 1942, in the Court of Common Pleas of Allegheny County, Pennsylvania, by Maude Adam and her husband against Tatania L. Vacquier, who removed the case to this court. On July 14, 1942, the defendant Vacquier filed an answer denying any negligence on her part, and charging the plaintiff with contributory negligence. On the 16th day of July, 1942, the defendant Vacquier filed a petition for leave, as a third-party plaintiff, to serve a summons and complaint upon Tekla Jansson, the driver of the automobile in which the plaintiff Adam was a passenger at the time of her injury. This court granted such leave. Thereupon, the defendant Vacquier filed a third-party complaint against Tekla Jansson, the third-party defendant, charging that the collision between the two automobiles, the one in which the plaintiff Adam was riding, and the one the defendant Vacquier was driving, was due to negligence on the part of Jansson, the third-party defendant, and that such negligence caused whatever injuries or damages the plaintiff Adam may have sustained.

The defendant Vacquier demands judgment against the third-party defendant Jansson for all sums that may be found against said defendant Vacquier in favor of plaintiffs.

Then, the third-party defendant, Jansson, moved to quash the summons and the third-party complaint, for the reason that the cause of action is barred as to her by the Pennsylvania Statute of Limitations. This statute requires that suit must be brought within two years from the time the injury was done. Pennsylvania Act of June 24, 1895, P.L. 236, Title 12 P.S. § 34.

It is undoubtedly true that under the Pennsylvania Statute of Limitations any right of action by the plaintiff Adam is barred as against the third-party defendant Jansson. But that statute, as we view it, has no effect upon the right of the defendant, as a third-party plaintiff, to recover from the third-party defendant Jansson, either indemnity or contribution, if it were found that negligence on the part of the third-party defendant caused or contributed to the collision which brought about the injuries to the plaintiff in this case. Under the Pennsylvania Rules of Civil Procedure, rule 2251 et seq., 12 P.S. Appendix, a party may be joined as an additional defendant, when he alone may be liable, or where he is liable over, or when both parties-defendant are jointly liable.

The relief asked for in such a petition for joinder of an additional defendant, may, after averring the facts, be stated in the alternative. Rau v. Manko, 341 Pa. 17, 17 A.2d 422.

Under Rule 14 of the Federal Rules of Civil Procedure, 28 U.S.C.A. following section 723c, a defendant may, as a third-party plaintiff, serve a summons and complaint upon a person not a party to the action, who is, or may be, liable to him or to the plaintiff for all, or part, of the plaintiff's claim against him.

In our opinion, the third-party complaint presents a case under this rule which is not barred by the Pennsylvania Statute of Limitations, because, in our view, the statute does not apply to actions over by a defendant to recover from a person who may be liable to him for all, or a part, of the plaintiff's claim.

Even if it did apply, we would hold that the statute of limitations was tolled as to the third-party defendant when the suit was brought against the defendant Vacquier. Surely no plaintiff has the right of election of a defendant in an automobile-accident case, where there are, or may be, several parties at fault. The rights and liabilities of the parties are fixed at the moment of the accident. Surely those rights and liabilities may not be altered by a party who merely brings on the record in the first instance only one of the parties who may be liable. That

doctrine was announced in the case of Gray v. Hartford Accident & Indemnity Co., D.C., 36 F.Supp. 780.

The motion to quash the third-party summons and complaint will be denied.