## Dunlevy, etc., v. Blair et al.

*Mitinger & Mitinger,* for plaintiff.

*Smith, Best & Horn,* for defendants.

*Paul M. Robinson* and *H. Reginald Belden,* for additional defendant.

BAUER, J., January 21, 1949.—Two reasons are assigned by counsel in support of their motion for judgment on the pleadings in favor of the Butler County National Bank, administrator c. t. a. of the estate of John J. Dunlevy, Jr., deceased, additional defendant.

This action was brought by plaintiff against Edward Louis Blair, the Martin Storage Company, a corporation, and the Allied Vans Company, a corporation.

These defendants, in turn, on June 2, 1948, filed their complaint against the Butler County National Bank, administrator c. t. a. of the estate of John J. Dunlevy, Jr., deceased, as an additional defendant, alleging in the alternative: (a) That the accident was occasioned solely and exclusively by the negligence of this additional defendant, John J. Dunlevy, Jr., or (b) that, if there was negligence upon the part of original defendants' driver and operator, the negligence of John J. Dunlevy, Jr., was a major contributing factor in the accident, and that he is jointly liable with original defendants for any injuries alleged to have been received by minor plaintiff.

I. Additional defendant claims: "Catherine Sylvia Dunlevy, an unemancipated minor, may not maintain an action in trespass against the estate of her deceased father to recover for personal injuries allegedly caused by the negligence of her deceased father. Minor plaintiff, Catherine Sylvia Dunlevy, did not allege, in her complaint, that she had been emancipated prior to the death of her father, John J. Dunlevy, Jr." It is sufficient answer to this claim, on the part of additional defendant, that Catherine Sylvia Dunlevy has not brought, nor is she attempting to maintain, an action in trespass against the estate of her deceased father.

It is proper for original defendants to state the relief for which they ask in the alternative: Rau v. Manko, 341 Pa. 17; and, under the authority of Fisher v. Diehl, 156 Pa. Superior Ct. 476, the court will, upon the trial of the cause, control the verdict and execution thereon.

If, upon the trial of the cause, there should be a joint verdict against original defendants, or any of them, and added defendant, the trial judge can and will control the judgment entered on the verdict so that no execution be issued thereon by plaintiff against the Butler County National Bank, administrator c. t. a. of the estate of John J. Dunlevy, Jr., deceased.

This is in line with the purpose of the present new Pa. R. C. P. 2252 to avoid multiplicity of suits and to work out contributions as between tortfeasors, and this rule should be construed so as to advance this very purpose.

II. Additional defendant also claims: "Defendants' complaint against additional defendant was filed more than one year after the death of John J. Dunlevy, Jr., additional defendant's decedent, and therefore the right of action thereunder is barred by the provisions of the Act of July 2, 1937, P. L. 2755, sec. 2, 20 PS 772."

John J. Dunlevy, Jr., was killed in the accident which occurred April 27, 1947. This action was brought March 15, 1948.

By the court's order of May 24, 1948, for cause shown, the time for filing a præcipe for a writ of scire facias to join an additional defendant in this case was enlarged and extended to June 15, 1948.

On June 2, 1948, the writ was issued to join the Butler County National Bank, administrator c. t. a. of the estate of John J. Dunlevy, Jr., deceased, as an additional defendant in the action, and on the same day original defendants' complaint against such addi-

tional defendant was filed, which was promptly served. Not until September 9, 1948, was an appearance entered for additional defendant, although the writ was served on such additional defendant June 7, 1948.

On October 8, 1948, the answer of additional defendant was filed, raising the questions we are now considering.

Aside from the constitutionality of the Act of July 2, 1937, P. L. 2755, for the reason that the title gives no notice that it is in any respect an act of limitation, and the statement of Mr. Justice Stern, in his opinion in the case of Commonwealth v. Smith et al., 344 Pa. 381 (384), that it is "a grave question as to whether that provision (the limitation of one year in actions brought against personal representatives of decedents) does not constitute an extension rather than a restriction of the statutes of limitation", we do not believe that it has any application to the situation here, where a third party is brought on the record under Pa. R. C. P. 2252, which provides:

"In any action the defendant or any additional defendant may file as of course a præcipe for a writ to join as an additional defendant any person not a party to the action who may be alone liable or liable over to him on the cause of action declared upon or jointly or severally liable thereon with him."

In this case such additional defendant is here not that plaintiff may recover a verdict against such additional defendant but solely for the protection of original defendant or defendants, against whom a verdict might be recovered, in order that a contribution can be enforced.

As a consequence, neither plaintiff nor original defendants are asserting a right of action within the provisions of the Act of June 2, 1937, P. L. 2755, to which the limitation of one year, mentioned in that statute, has application.

". . . The action of the Court below was not equivalent to permitting an action by the wife against her husband. Her husband is not a party defendant to the action so far as she is concerned": Fisher v. Diehl, 156 Pa. Superior Ct. 476 (483).

Counsel rely upon the case of Thompson et al. v. Peck et al., 320 Pa. 27, but the act there under consideration was that of May 2, 1925, P. L. 442, which clearly gives notice that it is an act of limitation and that the action there, as it was sought to be amended, would have named the personal representatives of H. A. Peck as original defendants. This was clearly a cause of action made available against such defendants by the provisions of the Act of May 2, 1925, supra, there considered.

There are no decisions of our Pennsylvania appellate courts directly in point, but we have the well-considered opinion of Schoonmaker, D. J., in the case of Adam et al. v. Vacquier (Jansson, third party defendant), 48 F. Supp. 275. There it was sought to join a third party defendant after the period of limitation had expired within which he might have been sued in an action for personal injuries. His counsel sought to quash the summons and complaint, but the motion was denied, Schoonmaker, J., holding: (1) That a third party complaint is not barred by the Pennsylvania statute of limitations for the reason that the statute does not apply to actions over by a defendant to recover from a person who may be liable to him for all, or a part, of plaintiff's claim, and (2) even if it did apply, the statute of limitations was tolled when the suit was brought against original defendant.

See also the following cases:

"The writ of joinder, issued more than two years subsequent to plaintiffs' injuries, was too late to join additional defendants on an allegation of sole liability. The statute of limitation bars any direct recov-

ery by plaintiffs from additional defendants. That right of action has expired: Shaw et al. v. Megargee et al., 307 Pa. 447; Lumen v. Paley et al., 342 Pa. 317. However, original defendant's right of contribution from additional defendants, if either or both were jointly negligent, has not. *Additional defendants may be joined on the theory of liability over even after the limitation period has run as to plaintiffs' cause of action* (Emphasis is ours) : Adam et al. v. Vacquier, 48 F. Supp. 275; Werther v. Finn et al., 58 D. & C. 331; Battle, et ux. v. Laurel Line Taxicab Co. et al., 52 D. & C. 534": Carey et al. v. Petrilak et al., 62 D. & C. 626, 627.

"Additional defendant could be joined on the theory of liability over even after the limitation period has run, though not on the theory of sole liability. The factual situation in this case, as averred by original defendant, does not indicate liability over, but a possible joint liability. Contribution is enforcible between joint tortfeasors: Act of June 24, 1939, P. L. 1075, Sec. 1, 12 PS §2081 (supplement) ; Anstine et al. v. Pennsylvania R. R. Co. et al., 352 Pa. 547, 549; Fisher v. Diehl, 156 Pa. Superior Ct. 476, 482. Consequently, joinder was permitted under like circumstances in Battle et ux. v. Laurel Line Taxicab Co. et al., 52 D. & C. 534, and Adam et al. v. Vacquier (Jansson), 48 F. Supp. 275": Werther v. Finn et al., 58 D. & C. 331, 332, 333.

If counsel for intervening defendant are right in their contention, plaintiff here could have delayed the bringing of her suit for more than one year after her father's death against original defendants, who could not then have brought the personal representatives of her deceased father on the record at all.

It is the position of counsel for the third party that plaintiff has two years within which to bring her action, but third party defendant is amenable to proc-

ess only within a period of one year after the death of John J. Dunlevy, Jr.

We do not regard such to be the law. No such conclusion is inevitable and injustice would be done by giving the Act of July 2, 1937, P. L. 2755, any such construction.

And now, to wit, January 21, 1949, after due and careful consideration, it is ordered, adjudged and decreed that the motion of counsel for the Butler County National Bank, administrator c. t. a. of the estate of John J. Dunlevy, Jr., deceased, additional defendant in the action, for judgment in its favor on the pleadings in this case, is denied.