**Adam SABAT, Plaintiff,**

v.

**The PENNSYLVANIA RAILROAD COMPANY, Defendant and Third-Party Plaintiff,**

**The United States of America, Third-Party Defendant.**

**Civ. No. 14914.**

United States District Court
E. D. New York.

Jan. 6, 1958.

---

Leo Gitlin, New York City, for plaintiff.

Conboy, Hewitt, O'Brien & Boardman, New York City, for defendant and third-party plaintiff, by David J. Mountan, Jr., New York City, of counsel.

Cornelius W. Wickersham, Jr., U. S. Atty., for the Eastern Dist. of New York, Brooklyn, N. Y., for third-party defendant, by Robert A. Morse, Asst. U. S. Atty., Brooklyn, N. Y.

BYERS, Chief Judge.

The United States, as third-party defendant, moves to dismiss the third-party complaint for failure to state a claim, etc. by reason of limitation (28 U.S.C. § 2401(b)).

The action by the plaintiff against the third-party plaintiff (Pennsylvania Railroad Company) was the subject of a complaint filed November 10, 1954 to which answer was filed December 1, 1954.

The third-party complaint was filed July 19, 1957.

Plaintiff's asserted cause is under the F.E.L.A., 45 U.S.C.A. § 51 et seq., and Safety Appliance Acts, 45 U.S.C.A. § 1 et seq. The presently material part of the complaint asserts that on July 20, 1952 the plaintiff, being in the employ of the defendant as a brakeman, was " * * * while working at Penn Station in New York City, by reason of the negligence of the defendant, while plaintiff was engaged in the course of uncoupling a car, he did strike his head upon a bar which had been placed across his means of ingress into the car by a fellow employee, without notice or warning, as a result of which" the injuries were sustained.

Why a third-party complaint was not filed until two and one-half years after the filing of the original complaint, has not been explained. The material part of the challenged pleading alleges that the car involved in the accident—a Railway Post Office Car 6581—"was in the possession of and under the control of The United States of America, third party defendant, and the responsibility for the bar on said car with which the plaintiff allegedly came in contact was, at the time of the alleged accident, the responsibility of The United States of America, third party defendant."

Further that the plaintiff's injuries were sustained "solely and entirely as a result of the negligence of The United States of America, the third party defendant, and that if the defendant and third party plaintiff, The Pennsylvania Railroad Company, is held responsible to the plaintiff, Adam Sabat, such responsibility arose out of the acts and conduct of the third party defendant, * * * in connection with the maintenance, control and inspection of the car involved in plaintiff's alleged accident, * * * and the defendant and third party plaintiff is entitled to be indemnified for any recovery that may be had

against it, together with the expenses of defending this action."

The relief sought against the third party defendant is "for all sums which may be adjudged against the defendant and third party plaintiff * * * in favor of the plaintiff * * * together with the costs and disbursements of this action, and for any expenses incurred by the defendant and third party plaintiff, The Pennsylvania Railroad Company, in defense thereof."

The basis of the motion is that the third-party complaint must be construed as seeking to implead the United States as a joint tort feasor, from which contribution is sought; further that the quoted allegation seeking indemnity is really a procedural subterfuge, such as was deemed to be present in Wise v. Stockard S.S. Corp., D.C., 79 F.Supp. 917.

The paragraph above quoted does not make it clear that Railway Post Office Car 6581 was the property of the Railroad Company being operated by it as part of a train; the language is that the car "was in the possession of and under the control of the United States of America, third party defendant, and the responsibility for the bar on said car * * * was * * * the responsibility of the United States of America, third party defendant."

Thus the precise relationship of the Railroad Company to the United States and the actual physical custody and control of the car at the time of the plaintiff's injuries (which would include the placing of the bar and its relationship to the structure of the car and the appropriateness of its exact position at the critical time) would seem to be matters of fact which could be satisfactorily demonstrated only as the result of testimony at a trial.

The quoted allegations seem to this court to be compatible with an assertion on the part of the Railroad Company not that the United States was jointly responsible with it to the plaintiff, but that while the general hauling and placing of the car in position were the duty of the Railroad, the manner in which the car was maintained as part of the Railroad Post Office equipment, was exclusively confided to employees of the United States Government; this means that while the relationship of employer and employee concededly existed between the Railroad Company and the plaintiff at the time of his injury, there was nothing that the Railroad Company omitted to do by way of providing a safe place for him to work, and that if the plaintiff was injured by striking the bar in question, the Railroad Company is entitled to be indemnified by the agency which controlled the position and placing of the offending bar. The basis for the assertion of the right to claim indemnity is pleaded, but not the joint commission of a tort.

If the foregoing is correctly reasoned, it is a clear case of alleged indemnity and not of joint responsibility for the tort asserted by the plaintiff.

The question for decision is whether the two-year limitation upon which the United States relies operates to bar the third-party plaintiff from the relief which it seeks.

The cases relied upon by the United States have been examined, for instance: Ryan Stevedoring Co. v. U. S., 2 Cir., 175 F.2d 490; Esso Standard Oil Co. v. U. S., 2 Cir., 174 F.2d 182; Brown v. Cranston, 2 Cir., 132 F.2d 631, 148 A.L.R. 1178.

The Government does not cite any case which deals with a claim for indemnity only contained in the pleading filed more than two years after the happening of the accident. Since the occasion for seeking indemnity will not arise until the primary liability of the defendant has been established, it would seem clear that the limitation period established in Title 28 U.S.C. § 2401 is not a bar to the third-party complaint, since the occasion for it to seek indemnity has not thus far arisen. This seems to be the theory of the decision in the case of Chicago, Rock Island, & P. R. Co. v. U. S., 7 Cir., 220 F.2d 939. That case is criticized by the third-party defendant mainly on the ground that it was de-

**328**

cided in the Seventh Circuit and not the Second; and the argument is made that the decision is opposed to those upon which the Government relies above referred to.

As has been said, I do not so read them. There is no question here concerning contribution between tort feasors under the New York State decisions.

The third-party defendant's motion to dismiss will be denied without prejudice to a renewal thereof upon the trial, if according to the evidence it should appear that the present understanding of the true relationship of the parties is mistaken, and that the Railroad and the United States were in effect joint tort feasors. By which reservation it is not intended to suggest that such an outcome may be deemed probable, or indeed conclusive on the subject of limitation, if it should ensue.

Settle order.