Anna McQ. **FARNEN**, Administratrix of
the Estate of Francis M. Farnen,
Deceased, Plaintiff,

v.

**COASTAL TANK LINES, INC.**, a Delaware Corporation, Defendant.

**Civ. A. No. 60–148.**

United States District Court
W. D. Pennsylvania.

July 28; 1961.

John Feeney, Jr., Pittsburgh, Pa., for
plaintiff.

Bruce Martin, Pittsburgh, Pa., for defendant.

McILVAINE, District Judge.

In this action the plaintiff as administratrix of the estate of Francis M. Farnen has filed a complaint against the defendant alleging negligence of the defendant in causing the decedent's death and alleges that this Court has jurisdiction because of diversity of citizenship and the amount in controversy.

The defendant in its answer denied plaintiff's allegation of the jurisdiction of this Court and, subsequently, filed a motion to dismiss the case for lack of jurisdiction.

The matter came on for argument before the Court. At that time the plaintiff was given the opportunity to investigate the circumstances as to jurisdiction and where the defendant's principal place of business was located inasmuch as the defendant had alleged there was no jurisdiction in this Court because it was a corporation and its principal place of business was within the Commonwealth of Pennsylvania.

Subsequently, the plaintiff requested the Court to hear a reargument of the motion to dismiss, and this matter came on for argument before the Court. At that argument counsel for the plaintiff advised the Court that the only facts it had were those contained in defendant's answers to its interrogatories.

The question of determining where a corporation has its principal place of business has been considered by this Court in the case of Moesser v. Crucible Steel Company, D.C.W.D.Pa.1959, 173 F.Supp. 953. We will not endeavor to repeat here what we have said in our prior opinion. However, suffice to say we pointed out that,

> " * * * it is not always easy to lay down any general rule for determining which one of several places at which a corporation does business is its principal place of business. It is to be gathered from a general survey of the corporation's activities. The decision depends upon a comparison of the activities at each place in respect to their character, importance, and amount." Supra at page 954.

The question of determination of the principal place of business of a corporation has been considered by the United States Court of Appeals for the Third Judicial Circuit in the case of Kelly v. U. S. Steel Corporation, 1960, 284 F.2d 850. Of course, we are bound to follow

the decisions of the court of appeals. However, as we read that case we think their views are consistent with the opinion of this Court. We in our opinion in the Moesser case discussed and pointed out what we felt was a proper test to apply. The court of appeals in the Kelly case discussed all of the facts which it felt pertinent and concluded that it is the center of activities of a corporation which indicate its principal place of business rather than the occasional meeting of policy-making directors. Therefore, whether we apply the specific test set forth in our opinion in the Moesser case or attempt to follow the reasoning of the court of appeals in the Kelly case, we feel that the results will be the same.

The facts show that 53.74% of the defendant's revenue volumes come from Pennsylvania while only .39%, that is less than 1% of its total revenues, are earned in Delaware, the state of its incorporation. Its largest number of employees are employed in Pennsylvania with the State of West Virginia employing the next largest number of employees.

Defendant is engaged in the motor truck transportation of liquid and dry commodities in tank or hopper-type vehicles with its main offices being located in York, Pa. It has terminal facilities at York, Pennsylvania, and in three other states. Most of its officers and executive personnel are located in Pennsylvania. The majority of its tangible property is located in Pennsylvania as well as the meeting of its board of directors. The majority of its tractors and trailers are registered in Pennsylvania. Applying these facts to the test we have set out in the Moesser case, and under the guide of the court of appeals in the Kelly case, we must conclude that this corporation's business by way of activities is centered in Pennsylvania, and it is these activities which indicate the corporation's principal place of business.

We might point out that counsel for the plaintiff has been unable and, in fact, has not even attempted to show to this Court that this corporation's principal place of business is in any state other than Pennsylvania. Accordingly, defendant's motion to dismiss must be granted.