**ROMAN MOSAIC & TILE CO., Inc.**

v.

**THIOKOL CHEMICAL CORPORATION.**

Civ. A. No. 31356.

United States District Court
E. D. Pennsylvania.

March 22, 1963.

David E. Thomas, Philadelphia, Pa., for plaintiff.

Michael van Beuren, David L. Steck, Philadelphia, Pa., for defendant.

VAN DUSEN, District Judge.

The Complaint in this action alleges that plaintiff is a Pennsylvania corporation with its principal office in Pennsylvania and that defendant is a New Jersey corporation with its principal office in New Jersey. The jurisdiction of this court is claimed because of alleged diversity of citizenship. 28 U.S.C.A. § 1332(c) provides:

"(c) For the purposes of this section and section 1441 of this title, a corporation shall be deemed a citizen of any State by which it has been incorporated and of the State where it has its principal place of business."

Defendant filed an Answer alleging it is a Delaware corporation with its principal place of business in Pennsylvania. It filed the Motion to Dismiss presently before the court on the ground

that both parties are citizens of Pennsylvania within the meaning of 28 U.S.C.A. § 1332(c) and that, therefore, the requisite diversity jurisdiction is lacking. Plaintiff admits that defendant is a Delaware corporation [1] but contends that its principal place of business is not in Pennsylvania. The question now before the court is whether defendant has its principal place of business in Pennsylvania, for if it does, the Motion to Dismiss (Document 4) must be granted. The burden of proving that diversity jurisdiction exists rests on plaintiff, who asserted that such diversity is present. Thomson v. Gaskill, 315 U.S. 442, 446, 62 S.Ct. 673, 86 L.Ed. 951 (1942).

The controlling case in this Circuit regarding determination of a corporation's principal place of business for diversity jurisdictional purposes is Kelly v. United States Steel Corporation, 284 F.2d 850 (3rd Cir. 1960). In that case, Judge Goodrich rejected the contention that the "principal place of business" of a corporation is necessarily where final decisions on corporate policy are made through the Board of Directors and held that, for the purposes of 28 U.S.C.A. § 1332(c), the place where the business activities of the corporation are centered is the corporation's "principal place of business." In that case, the Board of Directors had delegated to an "Operating Policy Committee" the business of conducting the business of the corporation regarding manufacturing, mining, transportation and general operation. It was held that this state (Pennsylvania) where this Committee operated, where a vast majority of the executive and administrative officers and their staffs were located, where the General Solicitor and his staff had their offices, and where there was situate the business headquarters of 34% of the employees exempt under the applicable Fair Labor Standards Act because they were administrative, executive or professional employees (see 29 U.S.C.A. § 213(a) (1)), was the principal place of the corporation's business. In addition to the determination that the day-to-day corporate activities of the corporation and the management thereof took place in Pennsylvania, the court added the less significant facts that 32.13% of the corporation's employees worked in Pennsylvania,[2] that one-third of the tangible property of the corporation was located there, and that 35% of the total steel capacity of the corporation was in Pennsylvania, and found that Pennsylvania was the principal place of business under 28 U.S.C.A. § 1332(c).

Defendant corporation, which has for its purpose the purchasing of licenses, patents, etc., and dealing in them by sale, manufacture, etc.,[3] has three main divisions: its Rocket Division, conducting the major portion of the company's business, with headquarters in Utah; a Chemical Division with headquarters in New Jersey; [4] and a Specialties Division.

The executive offices of the corporation are in Pennsylvania,[5] six of eight "executive" officers and their staffs are located in that state,[6] the financial and accounting offices under the Treasurer are in Pennsylvania, the financial statements are sent from Pennsylvania, Federal In-

1. See pp. 1 & 9 of plaintiff's brief, Document 11. The certification of the Secretary of State of Delaware as to the fact of defendant's incorporation is Exhibit A to Document 9.

2. Twice as many employees were found in Pennsylvania than in any other state.

3. See answer to interrogatory 5, Document 8.

4. This suit is based on a contract which plaintiff made with the Chemical Division.

5. See Document 10. The executive offices being located in a particular state does not, however, make that state necessarily the principal place of business of the corporation. Kelly v. United States Steel Corporation, supra.

6. One of the remaining named executive officers is Vice President, Rocket Operations Center, Utah, and the other is Vice President, Chemical Operations, New Jersey. See Document 10. At oral argument, counsel indicated that there might be another executive officer in New Jersey as well as those named in Document 10.

come Tax Returns are filed from Pennsylvania, the shareholders' meetings are held here, and major defense contracts are generally executed in Pennsylvania under direction of the officers.

■■ Although these factors might well be found sufficient under the "nerve center" test,[7] under the test of the Kelly case, on the present record it cannot be held as a matter of law that Utah is not the principal place of business of the corporation.[8]

Although the defendant alleges that only one executive officer is located in Utah, it states that the Divisions enter into contracts and that the executives in Pennsylvania are "ultimately" responsible for sales, financing and executive decisions regarding the operation of the company (see Document 10). Since there are 2,412 employees in Utah who are exempt under the Fair Labor Standards Act (which represents over 50% of the total number exempted) (see Document 12) and since the bulk of the business of the corporation is connected with the Rocket Division, it is difficult to hold that the only executive and administrative personnel are the eight listed by defendant. It is also noted, among other facts, that more of the corporation's employees are located in Utah than elsewhere (45.27%, as opposed to 16.38% in New Jersey and 5.74% in Pennsylvania); that the Utah payroll is by far the highest; that the value of goods shipped from Utah is far higher than the value shipped from any other state (Utah ships 61.80%, New Jersey 10.80%, and Pennsylvania 5.20%); and that more gross tangible assets are located in Utah (38.09% in Utah, 32.64% in New Jersey, and 9.70% in Pennsylvania).

Although it would have been helpful to the court to have had more information concerning the managerial activities of the corporation,[9] the facts above, as well as others on the record, indicate that the defendant has not shown a complete absence of issues of fact concerning diversity of citizenship.[10] The Motion to Dismiss will, therefore, be denied, without prejudice to defendant's right to file

7. See, e. g., Scot Typewriter Co. v. Underwood Corp., 170 F.Supp. 862 (S.D. N.Y.1959), and the factors considered there in deciding this matter. Although the Kelly case did not use the standard set forth in that case, it did not expressly reject it. The duty of this court, however, is to follow the rule of this Circuit, as exemplified in the Kelly case, and the factors which the court examined there, until that court holds that other factors are also to be examined in cases such as this where the corporation, unlike the United States Steel Corporation, does not have a good many collections of nerve cells serving the common function of making the corporate enterprise operate in Pennsylvania.

8. In view of the pending companion case in the state courts (Thiokol Chemical Corporation v. Roman Mosaic & Tile Co., Inc., C.P. No. 2, March Term 1962, No. 3561), this does not appear to be a situation where the statute of limitations may bar the action in the absence of a prompt determination of the diversity issue. Compare Berkowitz v. Philadelphia Chewing Gum Corporation, 303 F.2d 585, 587–588 (3rd Cir. 1962). However, if a prompt determination of the diversity issue should be necessary, application can be made to the court for a prompt trial, limited to the issue of the principal place of business of the defendant corporation, at which trial the plaintiff would have the burden of proof, as noted above.

9. There is, for example, nothing on the record showing whether there are any administrative vice presidents and whether or not the executive officers named are located in Pennsylvania full time or if they just have offices here and travel a substantial part of their time. Also, the record does not show the membership of the Board of Directors and where it meets, or whether it has delegated its authority to a Committee of any sort. These and other factors might well be of importance.

10. It was held elsewhere in this Circuit after the Kelly case was decided that the decision on whether a state is the "principal place of business" should be made after making a general mental survey of the corporation's activities and that the decision depends on a comparison of the activies at each place in respect to their character, importance and amount. Farnen v. Coastal Tank Lines, Inc., 195 F.Supp. 777 (W.D.Pa. 1961).

another motion at a later time (including during the trial) if the record is later supplemented to show that Pennsylvania was the situs of daily corporate activities and management on the date this suit was instituted (April 27, 1962).