**ALPHA PORTLAND CEMENT COMPANY**

v.

**MacDONALD ENGINEERING COMPANY**

and

**Lastik Products Company, Inc.**

**Civ. A. No. 30385.**

United States District Court
E. D. Pennsylvania.

Nov. 7, 1963.

J. Paul Erwin, Jr., Philadelphia, Pa., for plaintiff.

William T. Campbell, Philadelphia, Pa., for MacDonald Engineering Co.

Paul A. Wolkin, Philadelphia, Pa., for Lastik Products Co.

VAN DUSEN, District Judge.

The plaintiff in this action alleges that it is a New Jersey corporation and that its principal place of business is in New York. Defendant Lastik Products Company, Inc. (Lastik), a Pennsylvania corporation, has filed a Motion to Dismiss, claiming that plaintiff's principal place of business is in Pennsylvania and, therefore, the requisite diversity required by 28 U.S.C.A. § 1332(c) is lacking.[1] The question now before the court is whether plaintiff's principal place of business is in Pennsyl-

---

1. The argument on the Motion to Dismiss was heard by the court on September 9, 1963, and on October 10, 1963, the deposition of Mr. Stepanek (Document 14) was filed with the Clerk of Court. Counsel agreed to waive oral argument on the Motion to Amend and to submit the matter on briefs (see letters dated October 31 and November 2, 1963, attached to their briefs, being Documents 15 and 16). Plaintiff was permitted to file a Memorandum Re Depositions of Harold F. Stepanek (Document 17) to answer the jurisdictional arguments raised in defendant Lastik's brief (Document 16).

vania, for if it is, then the Motion to Dismiss (Document 11) must be granted. The burden of proving that diversity jurisdiction exists is on the plaintiff, who asserts that diversity is present. Thomson v. Gaskill, 315 U.S. 442, 446, 62 S. Ct. 673, 86 L.Ed. 951 (1942).

Kelly v. United States Steel Corp., 284 F.2d 850 (3rd Cir. 1960), is the controlling case in this Circuit for the determination of a corporation's principal place of business. In the Kelly case, the contention that the "principal place of business" of a corporation was that place where final decisions of the Board of Directors were made was rejected. It was held that the headquarters of the corporation's day-to-day activities and management determined the corporation's principal place of business. " * * [I]t is the activities rather than the occasional meeting of policy-making Directors which indicate the principal place of business." Kelly v. United States Steel Corp., supra, 284 F.2d at p. 854.[2]

An examination of the affidavit of Robert E. Hartman (Document 13), plaintiff's Secretary-Treasurer, and the deposition of Harold E. Stepanek (Document 14), plaintiff's Vice President of Finance and Administration, reveals the following: plaintiff corporation has eight executive officers, six of whom have their offices, staffs and residences in Easton, Pa.[3] The Easton officers are responsible for the corporation's operations, research, quality control, new development, marketing, manufacturing, technological development, sales, distribution, advertising, financial accounting, credits and collections, acquisitions, attending directors', shareholders', and executive committee meetings, and maintaining liaison with the plaintiff's general counsel. The other two Vice Presidents, one in Alabama and one in New York, are each responsible for the Birmingham and Eastern sales districts.

The staffs of the officers in Pennsylvania include the Director of Quality Control, Director of Research, Director of Advertising, and the Credit Managers, all of whom are also located in Pennsylvania. These officers meet with their staffs and with each other in Easton to discuss common problems, pass on information, and go over matters prior to their submission to the Board. The Vice Presidents in New York and Alabama have no staffs.

In his deposition (Document 14), Harold F. Stepanek, the plaintiff's Vice President, stated at page 22:

> "It [the Easton office] is the center of our sales organization, our managing offices, quality control, advertising—* * * planning, purchasing department."

Major contracts are negotiated and approved in Easton, Pennsylvania. From Easton, instructions, price determinations, budget requests, engineering work, personnel policies, purchases, purchasing procedures, requests for reports, payments for purchases, salary checks, and dividend checks emanate.

Reports are sent to Easton and most employees are interviewed there. All of the plaintiff's records, accounting records, administrative records, and personnel records, are maintained in Easton.

The corporate activities performed outside of Pennsylvania are primarily board meetings, solicitation of business, and the production of cement. The Board of Directors, the ultimate authority within the corporation,[4] meets regularly

---

2. In Anniston Soil Pipe Co. v. Central Foundry Co., 216 F.Supp. 473 (N.D.Ala. 1963), the Kelly case was discussed and followed.

3. The officers in Pennsylvania are: President, Executive Vice President, Vice President of Technological Development, Vice President of Marketing, Secretary-Treasurer, and Assistant Secretary-Assist-

ant Treasurer. There is also an executive committee, but it has only met once in the past three years. Its one-time meeting was in Easton.

4. This fact is not controlling. See Roman Mosaic & Tile Co. v. Thiokol Chemical Corporation, 218 F.Supp. 421, 423 (E.D. Pa.1963).

throughout the year, usually in New York but with at least one meeting a year in Easton, Pa. The Board considers the plaintiff's financial reports, results of operations prior to the meeting, problem areas, requests for capital, dividends, etc.

Other activities, not discussed above, may be compared in the following table:

| | New York | Pennsylvania |
|---|---|---|
| % of total production, 1961 | 18.6 | 14.4 |
| % of total production, 1962 | 21.7 | 14.5 |
| % of total assets, 1961 | 24.60 | 11.25 |
| % of total shipments, 1961 | 19.0 | 13.0 |
| % of total shipments, 1962 | 19.0 | 15.0 |
| % of hourly employees | 16.0 | 15.07 |
| Number of production plants | 2 | 1 |
| Number of distribution terminals | 1 | 0 |
| Number of offices | 2 | 1 |
| Location of office of general counsel | x | - |
| Location of office of auditors | x | - |
| Location of transfer agent and stock registrar | x | - |
| Location of place where federal income tax return filed | - | x |

| | New York City Office | Easton Office |
|---|---|---|
| No. of Executive-Administrative personnel | 3 | 75 |
| No. of clerical personnel | 5 | 75 |
| No. of sales representatives | 2 | Unspecified |

After considering all the facts shown on this record, the court concludes that Pennsylvania, and not New York, is the plaintiff's principal place of business. Pennsylvania has 25 times as many executive-administrative employees and six times as many corporate officers as does New York. These officers, the various departmental heads, and their staffs have in Easton all the records of the company and are at the center of plaintiff's sales, management, quality control, advertising and planning departments. It is this group, using these facilities, which makes the decisions necessary for the implementation and execution of the plans and policies of the Board of Directors. Here are made the numerous daily decisions which regulate the day-to-day affairs of the plaintiff, and it is these activities that make Easton the headquarters of plaintiff's day-to-day activities and management.

Although New York does produce more cement than Pennsylvania, has more assets, is the situs of the Board meetings, as well as the offices of general counsel and the auditors, these facts, although relevant, are not enough to establish that New York is the plaintiff's principal place of business. This is particularly so where, as here, the affairs of the company are conducted in Pennsylvania.

Paragraph 1 of the plaintiff's Complaint, as filed, alleges:

"1. Plaintiff is a corporation organized and existing under and by virtue of the laws of the State of New Jersey having its general offices within the Commonwealth of Pennsylvania."

Plaintiff has filed a Motion to Amend this paragraph of the Complaint to read:

"1. Plaintiff is a corporation organized and existing under and by virtue of the laws of the State of New Jersey, having its principal place of business in the State of New York."

This Motion must be denied since this record requires the holding that plaintiff's principal place of business is Pennsylvania. The plaintiff's Complaint will be dismissed as to defendant Lastik Products Company, Inc.