Samuel **MAZER**

v.

**COASTAL TANKLINES, INC.**

Civ. A. No. 34297.

United States District Court
E. D. Pennsylvania.

July 21, 1964.

Harry J. Oxman, Philadelphia, Pa., for plaintiff.

Victor L. Drexel, Philadelphia, Pa., for defendant.

HIGGINBOTHAM, District Judge.

The instant case raises the continuously troublesome problem as to whether there is diversity of citizenship jurisdiction under 28 U.S.C. § 1332(c) by reason of a defendant's "principal place of business." [1]

Plaintiff, a Pennsylvania citizen and resident, has filed suit for personal injuries sustained by the alleged negligence of defendant, Coastal Tanklines, Inc., which is a Delaware corporation. Defendant has filed a motion to dismiss for lack of jurisdiction pursuant to Federal Rule of Civil Procedure 12(b) on the ground that defendant's principal place of business is in Pennsylvania. Since an affidavit has been filed and depositions have been taken and called to the Court's attention in the oral argument, defendant's motion to dismiss under Rule 12(b) will be treated as a motion for summary judgment under Rule 56. See Smith v. Government of the Virgin Islands, 329 F.2d 135, 142 (3rd Cir. 1964).

The uncontradicted depositions establish that though defendant is incorporated in Delaware, it operates a tank-trucking business in thirty-six States. All of the executive officers, the President, Vice-Presidents, the Chairman of the Board, Secretary and Treasurer, are located in York, Pennsylvania. All of the billing is done through "central billing system in York." While the Company has several terminals and subterminals, it appears that the largest terminal is in Nitro, West Virginia; of the Company's 500 employees, approximately 100 are at the Nitro, West Virginia terminal. Philadelphia, Pennsylvania, is the second largest terminal; Nitro, West Virginia is slightly larger in terms of equipment owned by the Company. At the Nitro, West Virginia terminal there are forty-

---

1. "(c) For the purposes of this section and section 1441 of this title, a corporation shall be deemed a citizen of any State by which it has been incorporated and of the State where it has its principal place of business." 28 U.S.C. § 1332(c).

three tractors and eighty-one trailers. In Philadelphia, Pennsylvania there are thirty-six tractors, and seventy-nine trailers; in York, Pennsylvania there are three tractors and thirteen trailers. Thus combining both the Philadelphia and York terminals, the total number of units of tractors and trailers is greater than at the Nitro, West Virginia plant.

The employees are paid through a central payroll system in York. While there was no specification as to equipment at other terminals and subterminals in Pennsylvania, the record indicates that there were additional terminals or subterminals in Pittsburgh, Reading, Chambersburg, Duncansville and Irwin.

We have been advised by the Court of Appeals of this Circuit:

"In the absence of a simple single test we are forced to analyze our question further and endeavor to pick out as best we can the factor or *combination of factors* that seem to point to one place as the 'principal' place of business." Kelley v. United States Steel Corp., 284 F.2d 850 at 853 (3rd Cir. 1960). (Emphasis added.)

Just as the Court of Appeals noted in Kelley, supra, we must note "[t]he concept may get artificial in some cases as indeed it is in the case before us." (284 F.2d 850 at 853.) Upon consideration of the "combination of factors that seem to point to one place as the 'principal' place of business," I must conclude that Pennsylvania is the principal place of business and thus there is no diversity of jurisdiction pursuant to § 1332(c). I am bolstered in my opinion by a careful decision of Judge McIlvaine of the Western District of Pennsylvania in Farnen v. Coastal Tanklines, Inc., 195 F.Supp. 777 (W.D. Pa.1961), involving the same defendant corporation in a personal injury claim filed against Coastal. In that case Judge McIlvaine concluded that " * * * under the guide of the court of appeals in the Kelley case, we must conclude that this corporation's business by way of activities is centered in Pennsylvania, and it is these activities which indicate the corpo-

ration's principal place of business." (195 F.Supp. 777, at 778.)

I am aware that plaintiff in this case established a slightly different factual basis than was presented in Farnen, supra; however, I do not think that the different factual base is sufficiently decisive to require a different result.

ORDER

And now, this 21st day of July, 1964, defendant's Motion to Dismiss is granted.