**ALPHA PORTLAND CEMENT COMPANY**

v.

**MacDONALD ENGINEERING COMPANY, Defendant and Third-Party Plaintiff,**

v.

**LASTIK PRODUCTS COMPANY, Inc., Third-Party Defendant.**

**Civ. A. No. 30385.**

United States District Court
E. D. Pennsylvania.

Aug. 27, 1964.

---

648

See also D.C., 224 F.Supp. 714.

George E. Beechwood, Philadelphia, Pa., for plaintiff.

Joseph Head, Philadelphia, Pa., for defendant.

Paul A. Wolkin, Philadelphia, Pa., for third-party defendant.

VAN DUSEN, District Judge.

This case is now before the court on third-party defendant's Motion to Dis-miss the Third-Party Complaint (Document 21). The first four and one-half paragraphs of third-party plaintiff's brief (Document 25) accurately state these facts:

"1. On September 9, 1960, the Secretary of the Commonwealth issued a Certificate of Dissolution to Lastik Products Company, Inc., a Pennsylvania corporation.

"2. On October 12, 1961, the plaintiff filed a Complaint against MacDonald Engineering Company and Lastik Products Company, Inc. (hereinafter called "Lastik") alleging liability of both defendants to the plaintiff based on negligence with respect to an event that occurred on January 5, 1959. (Service of process was made on Lastik on August 17, 1962.)

"3. On April 2, 1963, Lastik filed a Motion to Dismiss because of lack of diversity of citizenship between the plaintiff and Lastik.

"4. On June 25, 1963, the attorneys for MacDonald Engineering Company (hereinafter called "MacDonald") addressed a letter to the attorneys for Lastik advising that if Lastik were dismissed as an original defendant, MacDonald would look to Lastik for reimbursement of any verdict that might be entered against MacDonald."

The letter concluded with these two sentences:

" * * * For this reason, we would like to serve notice on the Liquidating Trustees of Lastik, of Lastik's contingent liability in this case and request the Trustees to withhold funds sufficient to take care of any such contingency. Please advise us whether this notice to you as their attorney is adequate, and will be conveyed by you to them."

Under date of July 3, 1963, counsel for Lastik wrote counsel for MacDonald as follows:

"I have heard from Pittsburgh co-counsel in the above matter.

"We consider the notice that you gave to us as attorneys for Lastik adequate without this constituting any admission and to the extent it has any legal effect."

On November 7, 1963, Lastik was dismissed as an original defendant for lack of jurisdiction. See Alpha Portland Cement Company v. MacDonald Engineering Company, 224 F.Supp. 714 (E.D.Pa. 1963). On March 3, 1964, on motion of MacDonald, an order was entered granting leave to MacDonald to bring in Lastik as a third-party defendant, and MacDonald filed its Third-Party Complaint against Lastik, asserting a cause of action for contribution and/or indemnification with respect to whatever judgment might be entered against MacDonald and in favor of the plaintiff.[1]

15 P.S. § 2852–1111 prevents the institution and service of this third-party action in March 1964, even conceding that the two-year period was tolled from August 17, 1962, to November 7, 1963, when MacDonald may have had the right to rely on the fact that Lastik was a co-defendant and potential joint tort feasor.[2] Cf. Adam v. Vacquier, 48 F. Supp. 275 (W.D.Pa.1942).

15 P.S. § 2852–1111 provides:

"A. The dissolution of a business corporation, * * * by the issuance of a certificate of dissolution by the Department of State, * * * shall not take away or impair any remedy given against such corporation, its directors or shareholders, for any liability incurred prior to such dissolution, *if suit thereon is brought and service of process had before or within two years after the date of such dissolution.*" (Emphasis supplied.)

In this case, suit was brought by plaintiff and service of process made on Lastik within the abovementioned two-year period. However, service of the Complaint on Lastik was made only 23 days before the expiration of the two-year period provided for in 15 P.S. § 2852–1111. After the action had been dismissed as to Lastik on November 7, 1963, MacDonald delayed more than three months before instituting this third-party action and the two-year period had expired at least by December 1, 1963 (24th day after November 7, 1963.[3]

The correspondence of June and July 1963 at most gave Lastik notice that it should "withhold funds sufficient to take care of any" contingent liability for a verdict that might be returned in this action if Lastik should be found legally liable. For example, if Lastik had disposed of all its assets prior to December 1, 1963, these letters may have had some legal effect.

---

1. Paragraph 4 of the Third-Party Complaint contains the following language:
   "4. The defendant alleges that if it should be found liable to the plaintiff for the cause of action set forth in the plaintiff's Complaint, the negligence of the third party defendant, Lastik Products Company, Inc., was a substantial factor in bringing about whatever damages may have been suffered by the said plaintiff."

2. The Complaint alleged that Lastik was liable to plaintiff for its negligence, using this language:
   "10. The said damage was solely caused by the negligence and fault of the defendants, their servants, agents and employees, in the following respects, among others which will be brought out at the trial of the issues:
   "(a) In failing to provide retaining clips for certain of the concrete roof planks of the said buildings;
   "(b) In providing inadequate and unsafe retaining clips under the circumstances;
   "(c) In failing to adequately inspect and supervise the installation of the roofs in question; and
   "(d) In erecting buildings of faulty, unsafe and inadequate roof design."

3. The conclusion that Lastik is entitled to dismissal of the third-party complaint is also required by the analysis at pages 4–6 of Lastik's Supplemental Brief (Document 27) and Pine Manor Homes, Inc. v. Duval, 17 Pa.Dist. & Co.R.2d 281 (C. P. Montg. Co. 1960), but it is unnecessary to decide this point in view of the construction of 15 P.S. § 2852–1111 adopted in this Memorandum Opinion.

650

For the reasons stated above, Lastik's Motion to Dismiss must be granted and it is unnecessary to consider the validity of the service of process in March 1964.

The able and helpful briefs of counsel have been filed as Documents 24–27.