### SOUTHERN LAND, TIMBER AND PULP CORPORATION

v.

### UNITED STATES of America.

Civ. A. No. 13941.

United States District Court,
N. D. Georgia,
Atlanta Division.

Nov. 27, 1970.

Smith & Akerman, Atlanta, Ga., for plaintiff.

John W. Stokes, Jr., U. S. Atty., Julian Longley, Asst. U. S. Atty., Atlanta, Ga., D. Wendell Barnett, Trial Atty., Tax Division, Dept. of Justice, Washington, D. C., for defendant.

### DEFENDANT'S MOTION TO DISMISS

SIDNEY O. SMITH, Jr., Chief Judge.

This is an action to recover from the United States an alleged overpayment of federal income taxes. The jurisdiction of this Court is invoked pursuant to 28 U.S.C.A. § 1346.

The complaint discloses that plaintiff was incorporated under the laws of Georgia in 1957, maintaining its principal place of business in Meriwether County. On January 30, 1964, plaintiff corporation was dissolved. For the taxable year ending June 30, 1962, plaintiff

paid federal income tax in the amount of $39,917.14. For the taxable year ending June 30, 1964, plaintiff filed an income tax return showing a net operating loss of $28,307.46. On September 19, 1966, plaintiff filed a claim for refund with defendant in the amount of $1,836.36, claiming that he overpaid in this amount for the taxable year ending June 30, 1962. Plaintiff arrived at this conclusion by subtracting from his June 30, 1962, taxes a net operating loss carryback deduction based on the net operating loss suffered in the taxable year ending June 30, 1964. When plaintiff was informed of the proposed disallowance of its claim by defendant, it executed a waiver of statutory notice of claim disallowance. This waiver was filed July 12, 1968. Plaintiff filed its complaint in the instant action on July 13, 1970. (The complaint describes additional dealings had between plaintiff and defendant relative to plaintiff's ultimate tax liability, but this information is not pertinent to the present motion.)

Defendant has moved to dismiss the action for failure to state a claim upon which relief can be granted, contending that plaintiff lacks the capacity to sue. Defendant argues that plaintiff has not met the requirements of Ga.Code Ann. § 22–1325 (Georgia Business Corporation Code), which provides for the survival of remedies of dissolved corporations. This section reads, in part, as follows:

> "The dissolution of a corporation * * * shall not take away or impair any remedy available to * * * such corporation * * * for any right or claim existing * * * prior to such dissolution if action or other proceeding thereon is pending on the date of such dissolution or *is commenced within two years after the date of such dissolution*." (Emphasis added).

Since under Rule 17(b), Federal Rules of Civil Procedure, the capacity of a corporation to sue must be determined by the law under which it was organized, plaintiff must satisfy the requirements of this Georgia statute in order to establish its capacity to maintain the present action. Plaintiff has not alleged in his complaint that there was any "action or other proceeding" pending on its claim at the time it was dissolved. The first effort made by plaintiff to recover the overpayment sought here was the filing with defendant on September 19, 1966, of a claim for refund. This action by plaintiff was more than two years after its dissolution on January 30, 1964. It is also obvious that the present suit was not commenced within two years after dissolution, plaintiff's complaint having been filed on July 13, 1970. It is apparent, therefore that plaintiff has failed to satisfy the conditions prescribed in Ga. Code Ann. § 22–1325, and, hence, does not have capacity to bring this action.

Section 22–1325 is part of an entirely new Georgia Corporation Code which became effective April 1, 1969. It may be that, for purposes of preserving its claims after dissolution, plaintiff should be controlled by the predecessor of § 22–1325, i. e., Georgia Code Ann. § 22–1874, which was in effect throughout the period involved here until the new corporation code went into effect. This would be in keeping with the constitutional proscription of retroactive laws. Ga. Code Ann. § 2–302. (Though see Ga. Code Ann. § 102–104 which excepts from the constitutional ban laws "looking only to the remedy".) Even if this section is viewed as determinative, however, the result will remain the same. Section 22–1874 provides, in part, that:

> "All corporations, whether they expire by their own limitations or are otherwise dissolved, shall nevertheless be continued for the term of three years and until final disposition of all suits begun within that time from such expiration or dissolution [as] bodies corporate for the purpose of prosecuting and defending suits by or against them * * *."

This statute protects the right of the dissolved corporation to bring suit or a claim for up to three years, and combines that protection for a longer period

if necessary for final disposition of the suit. Here plaintiff did not bring any suit within three years of the date of dissolution, certainly not the present one. For this reason, plaintiff lacks capacity to sue regardless of which statute is applied.

Based on the foregoing, the Court thinks the complaint must be dismissed.

It is so ordered.