**Harold LITTS, Plaintiff,**

v.

**REFRIGERATED TRANSPORT CO., INC., Defendant and Third-Party Plaintiff.**

**GEORGIA BROILER CORPORATION, Defendant,**

v.

**GLIDDEN–DURKEE DIVISION SCM CORPORATION and Pilisbury Farms, Inc., Third-Party Defendants,**

v.

**GEORGIA BROILER CORPORATION, Third-Party Defendant.**

**Civ. No. 71–399.**

United States District Court, M. D. Pennsylvania.

Nov. 19, 1973.

Levy, Preate & Purcell, Scranton, Pa., for plaintiff.

John R. Lenahan, Michael J. Eagen, Jr., James J. Haggerty, Scranton, Pa., for defendant.

## MEMORANDUM AND ORDER

NEALON, District Judge.

Plaintiff, Harold Litts, instituted this action, sounding in tort, on September 16, 1971, against defendants Refrigerated Transport Co., Inc., and Georgia Broiler Corporation. Service of process was attempted, but not effected, on Georgia Broiler. Subsequently, Refrigerated Transport, (seeking to obtain service of Georgia Broiler), filed a third-party complaint against Glidden-Durkee Division, SCM Corporation, and Pillsbury Farms, Inc.[1] Pursuant to a stipulation between the parties, the complaint against Pillsbury Farms was withdrawn, and on April 27, 1973, after obtaining leave of court, Refrigerated Transport filed a third-party complaint against Georgia Broiler. It is not disputed that Georgia Broiler was dissolved on May 13, 1970, more than two years prior to the filing of the third-party complaint against it.

■ It is a precept of the common law that all legal proceedings brought by and against a corporation abate upon its dissolution. Oklahoma Natural Gas Co. v. Oklahoma, 273 U.S. 257, 259–260, 47 S.Ct. 391, 71 L.Ed. 634 (1927). Today, however, the harshness of the common law on creditors and shareholders has been abrogated in every American jurisdiction by statutes which extend the corporate life for the purpose of prosecuting and defending suits. See, Note, Suits By and Against Dissolved Corporations, 48 Iowa L.Rev. 1006 (1963).

Georgia's response[2] to the common law is enacted in Ga.Code Ann. § 22–1325, which provides:

"Survival of remedy after dissolution.—The dissolution of a corporation *in any manner*, except by a decree of court when the court has supervised the liquidation of the assets and business of the corporation as provided in this Code [Chapters 22–1 through 22–20], shall not take away or impair any remedy available to or against such corporation, its directors, officers, or shareholders, for any right or claim existing, or any liability incurred, prior to such dissolution if action or other proceeding thereon is pending on the date of such dissolution or is commenced within two years after the date of such dissolution. Any such action or proceeding by or against the corporation may be prosecuted or defended by the corporation in its corporate name. The shareholders, directors and officers shall have power to take such corporate or other action as shall be appropriate to protect such remedy, right or claim."

The question thus presented is whether a dissolved Georgia corporation may be impleaded as a third-party defendant after the two-year period of extension has expired.

■ Under Rule 3, Fed.R.Civ.Pro., "[a] civil action is commenced by filing a complaint with the court." Although the third-party complaint against Georgia Broiler was not filed until after the two-year extension period, the third-party plaintiff asserts that the filing of the original complaint by Litts against Georgia Broiler on September 16, 1971 tolled the statute. While the commencement of Litts' action against Georgia Broiler was timely, it cannot be said that since the statute was tolled as to Litts, it was tolled as to the whole world.[3] Although the alleged liability of

1. Refrigerated Transport, in its third-party complaint against Pillsbury Farms alleged that, at the time of plaintiff's accident, Pillsbury Farms "owned, controlled and operated and was responsible for the actions of Georgia Broiler Corporation."

2. The applicability of Georgia law in this case is governed by Rule 17(b), Fed.R.Civ. Pro., which provides:

"The capacity of a corporation to sue or be sued shall be determined by the law under which it was organized."
In addition, the parties apparently concede that Ga.Code Ann. § 22–1325 controls the issues in this case.

3. Adam v. Vacquier, 48 F.Supp. 275 (W.D. Pa.1942) was cited by Third Party Plaintiff for the proposition that the mere commence-

Georgia Broiler to Refrigerated arises out of the same set of facts as does the alleged liability of Refrigerated to Litts, the rights asserted by each party are essentially different. The claim of Litts is based on the alleged tortious action of Refrigerated, while the claim of Refrigerated is one seeking indemnity or contribution. Rule 14(a), Fed.R.Civ.P.; 3 Moore, Federal Practice §§ 14.03 [1], [3] and 14.04 (1972). To hold in this instance that the Georgia statute was tolled by the commencement of Litts' action so as to open up a claim by Refrigerated against Georgia Broiler would do violence to the reason behind the statute:

> "There should be a definite point in time at which the existence of a corporation and the transaction of its business are terminated. To allow, as the plaintiff contends, the continued prosecution of lawsuits perverts the definiteness and orderly process of dissolution so as to produce a continuous dribble of business activity contrary to the intent of the winding up provisions of the statute." [4]

The third-party plaintiff also contends that the expiration of a statute of limitations on the cause of action asserted by the original plaintiff against the original defendant has no effect on the right of that defendant as a third-party plaintiff to implead a third-party defendant. That theory apparently has its genesis in the fact that, generally, the cause of action instituted by a third-party plaintiff is governed by a different statute of limitation than that limiting the action asserted by the original plaintiff.

> "On general principles a defendant cannot, of course, maintain his impleader if the statute of limitations has run on the claim which he has against the third party. It should be recognized, however, that the applicable statute is not that which governs the plaintiff's claim against the defendant. If defendant has a claim over against a third-party defendant —such as a claim for indemnity, contribution, etc.—the statute usually will not commence to run against the defendant (third-party plaintiff) and in favor of the third-party defendant un-

---

ment of the action against Georgia Broiler tolled the running of the Georgia statute. *Adam* held that Pennsylvania two-year statute of limitations did not apply to a suit over by a third-party plaintiff against a third party defendant. In dicta, the Court in *Adam* then stated that even if the statute did apply, the Court would hold that it was tolled when the action was commenced by plaintiff against original defendant-third party plaintiff. That language is not persuasive since *Adam* was decided before the 1946 Amendment to Rule 14(a), Fed.R.Civ.P. At the time of the *Adam* decision, Rule 14 permitted a defendant to implead a third-party defendant "who is, or may be, liable to him (defendant) or to the plaintiff." Under Rule 14 as amended, a defendant may implead only one "who is or may be liable to him." In light of the amendment, it appears that the rationale of the dicta in *Adam* has been rendered obsolete. Cf. Carlise v. Monongahela Railway Company, 16 F.R.D. 426 (W.D.Pa.1954). See also 3 Moore, Federal Practice § 14.15, at 605–610 (2 ed. 1972).

4. Bishop v. Schield Bantam Co., 293 F.Supp. 94, 96 (N.D.Iowa 1968). In addition, the

Comment to Ga.Code Ann. § 22–1325 provides:

> "This section is derived from Model Act Section 98, with only minor changes. It provides that unresolved pre-dissolution claims by and against the corporation or its directors, officers, or shareholders survive dissolution (except in the case of dissolution following court-supervised liquidation of assets) if action or proceedings on such claims are pending at the date of dissolution or are initiated within two years after that date. Under Ga.Code Ann., former § 22–1874 the comparable period was three years. *The shorter period established by the new section is warranted, however, since under the new Code winding up and liquidation precede dissolution; thus, there should be relatively few post-dissolution claims to be presented.* On the other hand, under the former Georgia law a corporation could be dissolved without any antecedent winding up of its affairs, see Ga.Code Ann., former § 22–1873, so that a longer post-dissolution period for the assertion of claims is clearly desirable." (Emphasis supplied)

til judgment has been entered against the defendant, or the defendant has paid the judgment. Thus a defendant may implead a third party to enforce against him a right of contribution, even though the statute may have run on any claim by plaintiff directly against the third party."

3 Moore, Fed. Practice ¶ 14.09 at 534–35 (1972). See also Corning Glass Works v. Puerto Rico Water Resources Authority, 396 F.2d 421 (1st Cir. 1968); Sabat v. Pennsylvania Railroad Co., 157 F.Supp. 325 (E.D.N.Y.1958).

 Moreover, it must be emphasized that the corporate extension statute is not a statute of limitations. Bazan v. Kux Machine Co., 52 Wis.2d 325, 190 N. W.2d 521 (1971). For the purposes of this case, the importance of that statement seems to lie in this: A statute of limitations begins to run upon the accrual of a party's cause of action, while the corporate statute starts running upon the dissolution of the corporation.

Research has only discovered one Georgia case construing § 1325. In Southern Land, Timber and Pulp Corp. v. United States, 322 F.Supp. 788 (N.D. Ga.1970) it was held that a suit instituted by a corporation, more than three years after its dissolution, against the United States for a tax refund was barred by § 1325. In addition, although § 1325 is patterned after § 98 of the Model Business Corporation Act,[5] no case construing that Act has been found directly in point. However, in Alpha Portland Cement Co. v. MacDonald Engineering Co., 233 F.Supp. 647 (E.D. Pa. 1964), a similar Pennsylvania statute was construed in light of nearly identical facts so as to bar service of process against a dissolved corporation as a third-party defendant after the expiration of the extension period. Moreover,

it appears that the policy behind the statute is favored over the ends of particularized justice. For example, in Bishop v. Schield Bantam Company, supra, a claim for injuries filed after the expiration of the extension period was barred even though the injuries were sustained after dissolution. But cf. Chadwick v. Air Reduction Company, 239 F.Supp. 247 (N.D.Ohio 1965).

Therefore, in light of the above, this Court does not believe that the Georgia Supreme Court faced with an identical question, would sustain the third-party complaint.[6]

Accordingly, the third-party complaint against Georgia Broiler Corporation is dismissed.

---

5. ABA–ALI Model Bus. Corp. Act § 98 (1953); Model Bus. Corp. Act Ann. § 98 (1960). The Model Business Corporation Act was revised in 1969, however, § 98 survived the revision without change except that it is now § 105. The text of the Act

and § 105 may be found in V Martindale Hubbell, Law Directory, 3694, 3713 (1971).

6. Whether plaintiff Litts may proceed with his action against Georgia Broiler is a different question about which I make no comment.