**Nicholaus MACH, Plaintiff,**

v.

**PENNSYLVANIA RAILROAD COMPANY, Defendant.**

**Civ. A. No. 61-70.**

United States District Court
W. D. Pennsylvania.

Sept. 29, 1961.

Louis C. Glasso and Hymen Schlesinger, Pittsburgh, Pa., for plaintiff.

Aloysius F. Mahler, Pittsburgh, Pa., for defendant.

McILVAINE, District Judge.

As a result of an accident which occurred on August 8, 1955, the plaintiff herein filed an action seeking to recover damages under the provisions of the Federal Employers' Liability Act, 45 U.S.C.A. § 51 et seq.

By an opinion and order filed November 14, 1958, 198 F.Supp. 469, this Court dismissed the case because at the time of argument it was admitted that

the accident happened on a navigable stream, and that the plaintiff was injured in maritime employment. He was eligible to receive compensation under the Longshoremen's and Harbor Workers' Compensation Act, 33 U.S.C.A. § 901 et seq. No appeal was taken from this decision.

The plaintiff on October 23, 1956, had a second accident, and again filed an action under the Federal Employers' Liability Act; but prior to the argument on defendant's motion to dismiss this second complaint, he amended his complaint to plead coverage under the Jones Act, 46 U.S.C.A. § 688. Defendant's motion to dismiss this complaint was denied by order and opinion filed on May 4, 1960, 198 F.Supp. 471.

On February 2, 1961, this plaintiff filed another complaint at this Civil Action number, seeking to invoke the jurisdiction of this Court under the Jones Act and the maritime laws of the United States to recover for the accident occurring on August 8, 1955, which case had previously been filed and dismissed by order of court on November 14, 1958.

Defendant has filed a motion to dismiss this case, alleging that the present action is barred by the statute of limitations, that the plaintiff is covered by the Longshoremen's and Harbor Workers' Compensation Act, and that this action was dismissed by the prior order of court on November 14, 1958.

The parties have filed their briefs. The defendant, of course, being the moving party should go forward and point out why its position should be sustained. Its primary argument is on the statute of limitations. The argument that it raises as to the Longshoremen's and Harbor Workers' Compensation Act was considered and passed upon in the opinion of the Court filed May 4, 1960.

The defendant suggests to this Court that the dismissal of plaintiff's suit on November 14, 1958, bars this action, but cites no authority to support its position; that is, that the dismissal of

the Federal Employers' Liability Act action in 1958 is res judicata as to the instant case. Our limited research has found authority to indicate that that is the case, and the dismissal of the action in 1958 bars this action.

An interesting case developed in New York when a suit was filed under the Jones Act which the Court there dismissed because the statute of limitations had expired; and, hence, it was a bar to the institution of the suit. This opinion is found in Wahlgren v. Standard Oil Co. of New Jersey, D.C.S.D.N.Y.1941, 42 F. Supp. 992.

The accident in that case occurred in 1935. The suit was filed in 1939, and the opinion dismissing it was filed in 1941. In 1942, that plaintiff filed a libel in admiralty. Laches was plead as a defense to this libel. In that case the district court dismissed the complaint because the plaintiff had failed to appeal from the decision of the court dismissing his first complaint. That is quite similar to the situation in this court. The decision of the district court was affirmed by the Court of Appeals for the Second Circuit at 152 F.2d 106.

In addition the plaintiff through his counsel for all intents and purposes admits that the statute of limitations in Federal Employers' Liability Act applies to the Jones Act and would bar his case, and he seeks now to proceed on a claim for unseaworthiness on the theory of pendent jurisdiction. The question is— is there any jurisdiction to which he can append his admiralty claim? The plaintiff here relies, of course, on the case of Romero v. International Terminal Operating Co., 358 U.S. 354, 79 S.Ct. 468, 3 L.Ed.2d 368.

However, we feel that while this is a very long and learned opinion the plaintiff failed to recognize the holding of the Court as set forth at page 381 of that opinion in 358 U.S., at page 485 of 79 S.Ct. The Court said:

"We perceive no barrier to the exercise of 'pendent jurisdiction' in

the very limited circumstances before us. Here we merely decide that a district judge has jurisdiction to determine whether a cause of action has been stated if that jurisdiction has been invoked by a complaint at law rather than by a libel in admiralty, as long as the complaint also properly alleges a claim under the Jones Act."

The Court stated that the district court could act as long as the complaint properly alleges a claim under the Jones Act. Here the complaint does not allege a complaint under the Jones Act because the statute of limitations is a bar. See Carpenter v. Erie Railroad, 3 Cir., 132 F.2d 362.

The plaintiff urges this Court that the case of Glus v. Brooklyn Eastern Terminal, 359 U.S. 231, 79 S.Ct. 760, 3 L.Ed. 2d 770, is authority to permit his action to be maintained at this time. In that case a suit was filed under the provisions of the Federal Employers' Liability Act more than three years after the accident. The Court held that the statute of limitations was not a bar if the plaintiff could prove his allegation that the defendant's responsible agents with authority conducted themselves in such a way that the plaintiff there was justifiably misled into a good faith belief that he could begin his action any time within a period of seven years as he claims he was told.

However, in the case before this Court there is no assertion that the defendant or any of its agents conducted themselves in any way which would mislead the plaintiff. To the contrary, the plaintiff here was represented before this Court by extremely competent counsel; counsel who are in this court nearly every day, and who certainly would not permit any of their clients to be misled. There are no circumstances that would justify this Court to permit the mandates of the law to be abrogated in this case. Accordingly, defendant's motion to dismiss must be granted.