Karl R. SMITH, James W. Reed, and Joseph Wachtre, Plaintiffs,

v.

PITTSBURGH GAGE & SUPPLY COMPANY, Defendant.

Civ. A. No. 66–1380.

United States District Court
W. D. Pennsylvania.

June 23, 1967.

J. M. Maurizi, Pittsburgh, Pa., for plaintiff.

John G. Wayman, Scott F. Zimmerman, Pittsburgh, Pa., for defendant.

## OPINION

ROSENBERG, District Judge.

This matter is here on a motion by the defendant Pittsburgh Gage & Supply Company to dismiss the complaint under Federal Rule of Civil Procedure 12(b).

The complaint alleges jurisdiction by reason of § 301 of the Labor Management Relations Act of 1947, as amended (61 Stat. 156, 29 U.S.C.A. § 185). It is further averred that at all times material to the complaint, the plaintiffs were employees of the defendant and members of Steamfitters Local Union No. 449; that each of the plaintiffs was laid off in January, 1961; that they were informed the lay-off was due to "business conditions and reduction of work"; that the plaintiffs subsequently discovered that the defendant "fraudulently misrepresented" the facts to the plaintiffs, and in breach of contract had in fact discharged the employees in January 1961; that the defendant by terminating the plaintiffs' employment without sufficient and reasonable cause violated Article IV, §§ 2, 3, 6 and 13 of the collective bargaining agreement between it and Local Union 449; that the collective bargaining agreement was in full force and effect at the material times; that by refusing to recall the plaintiffs and by hiring new employees to replace them in the bargaining unit the defendant unlawfully terminated the plaintiffs' employment in violation of the collective bargaining agreement; that the plaintiffs made demands for re-employment and "individually and through their Union agents, attempted to implement the first two steps of the grievance and arbitration clause of their contract", but were refused and denied by the defendant; that the defendant refuses to recognize their grievances or arbitrate because the defendant claims there was no contract in effect from May 1, 1960 to August 26, 1963; and that the plaintiffs are entitled to compensatory damages and reinstatement to their jobs, or alternatively, that the Court must compel the defendant to arbitrate the plaintiffs' claims under the grievance and arbitration provisions of the contract, which the Court is requested to conclude as a matter of law was in force and effect at all times material to the plaintiffs' cause of action.

On January 20, 1965, these three plaintiffs and one Ed Owens brought an action in this District Court under the same provisions of the Labor Management Relations Act and named as defendants, Pittsburgh Gage & Supply Company and Steamfitters Local Union 449 (245 F.Supp. 864, W.D.Pa., 1965). In the complaint of 1965, it was averred that at all times material to the complaint the defendant union was the authorized collective bargaining agent for the defendant company; that both defendants breached the collective bargaining agreement in demanding that the individual plaintiffs leave, quit and withdraw from the defendant union and join some other bargaining unit; that the plaintiffs were threatened with economic and physical reprisals for their failure to do so; that they were unfairly discharged from employment for their failure to quit the defendant union; that the defendants violated the collective bargaining agreement in violating the job classification provisions, in violating the seniority provisions, and in violating the grievance and dispute provisions; that the union contract was further violated when the defendant company hired and transferred

an equal number of non-union persons to perform the work formerly done by the plaintiffs; that each plaintiff was entitled to compensatory damages and punitive damages.

In summary, the earlier action was brought against *both* the company and the union charging them with conspiracy to violate the collective bargaining agreement in the wrongful discharge of the four plaintiffs. The present action by three of the four plaintiffs is against the company *only* on the theory of violation of contract provisions relating to discharge, the processing of grievances, and the duty of arbitration.

In the earlier action, upon the defendants' motions to dismiss, for lack of jurisdiction over the subject matter as to the defendant company and for failure to state a claim upon which relief could be granted as to the defendant union, the complaint was dismissed. Smith et al. v. Pittsburgh Gage & Supply Company, supra. In my opinion of June 16, 1965, I held that no contract existed between the defendant company and the defendant union at the time when the alleged breach of contract occurred. Furthermore, I held that the plaintiffs' claim was a demand for relief from an unfair labor practice, rather than a suit for breach of contract, and as such, the claim should have been presented to the National Labor Relations Board.

Our Court of Appeals for the Third Circuit affirmed the judgment per curiam, Smith et al. v. Pittsburgh Gage & Supply Company, 361 F.2d 219, C. A. 3, 1966.

The present motion to dismiss the complaint filed in the second action raises the issue of the effect of the dismissal of the first action. The defendant company contends that both actions arise out of basically the same fact situation; that the plaintiffs treated the order in the first action as a final order and prosecuted an appeal to the Circuit Court of Appeals, where a final judgment was entered; and that the former order and judgment are res judicata and an absolute bar to the present cause of action.

Counsel for the plaintiffs argues that res judicata is not applicable and that, in effect, no judicial determination was made by me in the first case as to the non-existence of the contract, which he now alleges does exist. The plaintiffs rely upon the case of Roadway Express v. General Teamsters Union Local 249, 330 F.2d 859, C.A.3, 1966, where the plaintiff brought an action under § 301(a) of the National Labor Relations Act [1] for breach of an alleged labor agreement. The District Court concluded "as a matter of law" that the facts indicated no contract existed and granted the defendant's motion to dismiss. The Circuit Court reversed on appeal. In the *Roadway* case, the action was brought by the company against the Union, both parties to the alleged agreement. The issue as presented there was as to whether or not there was a legal contract between the parties. The depositions and statements of the defendant raised substantial issues of fact precluding the entry of summary judgment.

Such is not the case here. The plaintiffs here seek to establish the continuation of the contract after its termination date of April 30, 1960, between the employer and the Union in order to reap certain benefits which would have accrued from the contract had its existence been projected beyond the termination date. From the pleadings in the original action and the affidavits of the defendant, it was clear, as a matter of law, that the contract between the company and the Union had expired on April 30, 1960. This was so because the Union had notified the company by letter on February 22, 1960 of that circumstance and the company acknowledged receipt of this information. Thus, there was an end to the contract.

The plaintiffs in the first action sought to show the continuation of the contract by an affidavit stating that the contract "by its very terms, continued in full

---

1. 29 U.S.C.A. § 185(a).

force and effect, and that it was common knowledge that it remained in full force and effect until the new contract was signed" in 1964. The answer to that was set forth in my second opinion when I made a determination in June 1965 upon the plaintiff's "Motion Under Rule 59 To Open Judgment". In disposing of that motion I specifically treated these same contentions there raised and presently re-submitted in this second action. I detailedly set forth in chronological order the motions as and when filed and their supports by way of affidavits and letters and discussed these very carefully as will appear by reference to the opinion.

As for the question presented in the first action—and as re-presented here—to the effect that the affidavits filed raise a factual issue for a fact-finding body, I said at pages 9 and 10:

"The plaintiffs now contend that the affidavits so filed raise a factual issue for a fact-finding body. After careful examination of these affidavits and counter-affidavit of the parties, I cannot give any credibility or weight to the depositions contained in the counter-affidavit. This is so for a number of reasons. From the second affidavit of Pittsburgh Gage it was deposed that after the expiration of the agreement of April 30, 1960, the Union leaders and the Vice-President of Pittsburgh Gage were in negotiations until August 26, 1964. Second, the counter-affidavit does not indicate what 'common knowledge' was or the circumstances which constituted such common knowledge that the agreement remained in full force and effect until the new contract was signed. Third, it does not appear that the deponent to the counter-affidavit had any factual knowledge of what was being negotiated, or otherwise what the facts were concerning the existence of a contract. And fourth, the phrase of the plaintiff in his counter-affidavit 'by its very terms' indicates no support in the agreement itself; for § 19 of Article 4 of the previously existing agreement provided as follows:

'If either party hereto desires to terminate or modify this Agreement on May 1, 1960, it shall notify the other party in writing of such desire at least sixty (60) days prior to the expiration date of the contract and shall otherwise comply with the terms and conditions of Section 8(d) of the Labor Management Relations Act of 1947.' Thus, we have the situation where the deponent in the counter-affidavit does not deny the existence of the letters noted in Pittsburgh Gage's first affidavit. The letters constituted notification by the parties that the contract would expire on April 30, 1960. The affidavits do not raise an issue of fact for a fact-finding body since the letters plainly indicate that notification of the expiration of the contract was given."

All of this appears in the opinion of December 22, 1965. At the bottom of Page 6 I indicated, "This argument is now one for appeal and not for amending a judgment." An appeal was taken subsequently and the entire record including the second opinion was certified by the Clerk of Court on February 1, 1966 to the United States Court of Appeals for the Third Circuit. I am quite certain that at the argument before the Court of Appeals the capable counsel who represented the plaintiffs comprehensively presented these issues and the plaintiffs' contentions. Our Court of Appeals had the entire record before it and made its determination, *Smith et al. v. Pittsburgh Gage & Supply Company, supra.*

I may now conclude properly that I disposed of the question raised by the affidavits of both the defendant and the plaintiffs in proper manner, and that I made a proper determination that the plaintiffs had no right of action here under § 301 of the Labor Management Relations Act for a breach of a contract, which did not exist.

■ *Was my determination, as affirmed by our Court of Appeals, a final judgment as to the issue of the existence or non-existence of a contract?* The

plaintiffs now argue that I merely determined that the complaint stated an unfair labor practice and that jurisdiction was in the National Labor Relations Board; they argue that my determination did not reach the merits of the case. The plaintiffs fail to grasp the import of the first action. If an unfair labor practice was involved, and only an unfair labor practice, in the defendants' actions, then jurisdiction was clearly in the National Labor Relations Board. San Diego Building Trades Council et al. v. Garmon et al., 359 U.S. 236, 79 S.Ct. 773, 3 L.Ed.2d 775 (1959). However, I referred to the exception to this principle that where actions are brought on collective bargaining contracts under § 301 of the Labor Management Relations Act of 1947, even though unfair labor practices are involved, the courts, state and federal, have jurisdiction. Smith v. Evening News Association, 371 U.S. 195, 83 S.Ct. 267, 9 L.Ed.2d 246, 1962; Atkinson v. Sinclair Refining Co., 370 U.S. 238, 82 S.Ct. 1318, 8 L.Ed.2d 462, 1962; Local 174 v. Lucas Flour Co., 369 U.S. 95, 82 S.Ct. 571, 7 L.Ed.2d 593, 1962; Dowd Box Co. v. Courtney, 368 U.S. 502, 82 S.Ct. 519, 7 L.Ed.2d 483, 1962.

I then determined that the action did not fall within the exception to the general rule of the *Garmon* case, that it could not fall within the exception because, from the record, it was clear that there was no contract in existence.

What the plaintiffs are asking in the present case is for a second chance. They now contend that additional affidavits will establish that they have communications from the defendant company stating that the company was "working under the provisions of the old contract until a new one [was] signed." Assuming that this is a fact, (1) just how this will establish continuation of the contract terminated by the two parties themselves, is not clear, and (2) why this matter was not presented in the first action is also not clear, since there is no justification or explanation to that effect.

Assuming that extraneous admissions made to persons not parties to the agreement have value in binding the employer and the Union to a date beyond that contained in the contract, no explanation is here given in regards thereto and no support is presented in regards to the clear and undisputed, written evidence of the two letters of the company and the Union accepting the termination date of the contract as of April 30, 1960.

The second contention of the plaintiffs is that this second action is now a different cause of action from the prior adjudication. Assuming then that this second action is on a different claim, the plaintiffs do not present any authority to the effect that they are not barred by the prior adjudication as to matters that were relevant and material to the first action, i. e., the existence or non-existence of the contract between the defendant company and the Union.

In Southern Pacific Railroad Co. v. United States, 168 U.S. 1, at pages 48–49, 18 S.Ct. 18, at page 27, 42 L.Ed. 355 (1897), the Supreme Court said:

> "The general principle announced in numerous cases is that a right, question, or fact distinctly put in issue and directly determined by a court of competent jurisdiction, as a ground of recovery, cannot be disputed in a subsequent suit between the same parties or their privies; and even if the second suit is for a different cause of action, the right, question or fact once so determined must, as between the same parties or their privies, be taken as conclusively established, so long as the judgment in the first suit remains unmodified."

The plaintiffs here in this action are re-litigating the same factual circumstances and presenting the same claims as are contained in the first action. They have altered only the plaintiff-defendant complement by dropping one of the plaintiffs and one of the defendants and attempting to change the theory of recovery previously based upon conspiracy by *both* employer and Union of wrongful discharge to a wrongful dis-

charge by *one* of the former alleged conspirators. Even if valid, such a change in theory of recovery based upon the same factual circumstance does not render a second lawsuit a new cause of action.

■ The defense of res judicata may be raised by the defendant on a motion to dismiss for failure to state a cause of action under Federal Rule of Civil Procedure 12(b) (6). In Rhodes v. Meyer, 334 F.2d 709, C.A.8, 1964, cert. den. 379 U.S. 915, 85 S.Ct. 263, 13 L.Ed.2d 186, the Court said:

"Plaintiff argues on appeal as he did below that res judicata cannot apply in these cases because the decision in Houston was not on the merits but merely on a motion to dismiss. The authorities cited by Judge Delehant at Pergament v. Kaiser-Frazer Corp., D.C., 224 F.Supp. 80, 105, adequately dispose of this argument and they establish that judgment entered on a motion to dismiss for failure to state a claim on which relief can be granted can support a defense of res judicata in a subsequent action. * * *"

This is also the rule of law in the Third Circuit. Hartman v. Time, Inc., 166 F.2d 127, 1 A.L.R.2d 370, C.A.3, 1948, cert. den. 334 U.S. 838, 68 S.Ct. 1495, 92 L.Ed. 1763, 1948; Bailey v. DeQuevedo et al., 241 F.Supp. 335 (E.D. Pa.1965); Sopp v. Gehrlein et al., 236 F.Supp. 823 (W.D.Pa.1964); Mach v. Pennsylvania Railroad Company, 198 F.Supp. 475 (W.D.Pa.1961).

■ While the first action was dismissed under Federal Rule of Civil Procedure 12, it was supported by letters and affidavits. Thus, in effect, it was a dismissal on summary judgment. Federal Rule of Civil Procedure 12(b); Mazer v. Coastal Tanklines, Inc., 232 F.Supp. 689 (E.D.Pa.1964).

■ In the prior action, the complaint, the affidavits filed in support of the complaint and the exhibits were considered in order to ascertain whether an issue of fact was presented which would preclude a judgment on the pleadings. The judgment which followed determined that the plaintiffs had no cause of action that could be brought before this Court, and since that determination was based on substantive law rather than procedural law, it was a decision on the merits to that extent.

It is stated at 50 C.J.S. Judgments § 633, page 67:

" * * * where the facts alleged by plaintiff present the issue on which the court holds that no cause of action exists, the determination of that issue is on the merits, so that if that issue is vital to the further pursuit of a recovery on the cause of action involved further action is barred."

And in the Restatement, Judgments, § 50 it is said:

"Where a valid and final personal judgment in favor of the defendant is rendered on the ground that the complaint is insufficient in law, the *judgment is conclusive as to the matters determined* and if the judgment is on the merits the plaintiff cannot thereafter maintain an action on the original cause of action." (Italics supplied.)

In Sardo v. McGrath, 90 U.S.App.D.C. 195, 196 F.2d 20, 24, 1952, it was said: " * * * 'The motion to dismiss for failure to state a claim raises matter in bar and, if sustained without leave to proceed further, results in a judgment on the merits.' "

■ The first action had to have as a necessity for its existence the element that the contract was projected beyond April 30, 1960. In the first adjudication it was determined that that element was lacking. A second action cannot re-litigate that determination.

For the reasons herein stated, the motion by the defendant Pittsburgh Gage & Supply Company to dismiss the complaint will be granted.