Karl R. SMITH, James W. Reed and Joseph Wachter, Appellants,

v.

PITTSBURGH GAGE AND SUPPLY COMPANY, a Pennsylvania Corporation, Appellee.

No. 16792.

United States Court of Appeals Third Circuit.

Argued Dec. 22, 1967.

Decided Jan. 26, 1968.

J. M. Maurizi, Suto, Power, Balzarini & Walsh, Pittsburgh, Pa., for appellants.

John G. Wayman, Reed, Smith, Shaw & McClay, Scott F. Zimmerman, Pittsburgh, Pa., for appellee.

Before BIGGS, McLAUGHLIN and VAN DUSEN, Circuit Judges.

## OPINION OF THE COURT

McLAUGHLIN, Circuit Judge.

Appellants, Karl R. Smith, James W. Reed and Joseph Wachter, appeal from the dismissal of their complaint against Pittsburgh Gage and Supply Company, appellee, in the Court below. In their complaint plaintiffs seek redress against their former employer under Section 301 of the Labor Management Relations Act of 1947 (LMRA), as amended, 29 U.S. C.A. § 185. This litigation has had a history which dates from 1961 when these plaintiffs filed charges with the National Labor Relations Board. After the refusal of the Regional Director of the Board to issue a complaint for lack of evidence, plaintiffs commenced an action in the Pennsylvania state courts. They appealed to the Supreme Court of Pennsylvania which affirmed the action of the Court of Common Pleas of Allegheny County and dismissed the complaint finding that jurisdiction to determine the matter was exclusively with the Board. Smith v. Pittsburgh Gage & Supply Co., 412 Pa. 171, 194 A.2d 181 (1963).

Thereafter, plaintiffs filed an action in the United States District Court for the Western District of Pennsylvania against both the present appellee and also plaintiffs' union, Steamfitters Local No. 449, alleging a conspiracy between their employer and their union which resulted in a violation of several provisions of their collective bargaining agreement.

Jurisdiction was based on Section 301 of the LMRA. Granting motions to dismiss that included both a challenge to jurisdiction and an assertion that plaintiffs failed to state a claim upon which relief can be granted, the District Court dismissed the complaint holding that the complaint alleged unfair labor practices and, therefore, jurisdiction was with the National Labor Relations Board, and further that the collective bargaining agreement had expired. Smith v. Pittsburgh Gage & Supply Co., 245 F.Supp. 864 (D.C.W.D.Pa.1965). On appeal we affirmed per curiam. Smith v. Pittsburgh Gage & Supply Co., 361 F.2d 219 (3 Cir. 1966).

Appellants then filed another complaint in the District Court joining only their employer as defendant and alleging a breach of their collective bargaining contract. Jurisdiction was again predicated on Section 301 of the LMRA. On motion of the defendant, the District Court applied the doctrine of res judicata and dismissed the complaint holding that the present action was barred by the court's prior determination. Smith v. Pittsburgh Gage & Supply Co., 270 F. Supp. 192 (D.C.W.D.Pa.1967).

We do not rule on the question of res judicata, but rather in the sound exercise of our equitable jurisdiction remand the case to the District Court for a full hearing on the issue of the existence of the contract. We choose to make this disposition because plaintiffs have not yet been given their day in court on this essential issue. Furthermore, the opinion below indicates that plaintiffs have additional evidence which was not before the District Court when it rendered its decision in 1965. Although the affidavits on record before the District Court in 1965 do indicate that the contract may have expired, we feel that the importance of this issue requires a full hearing at this time. Cf. Restatement of Judgments § 70.

The judgment of the District Court will be reversed and the case remanded for a hearing in accordance with this opinion.