Bryan W. NICKERSON, Jr., Appellant,

v.

Josef KUTSCHERA, A. G. Birkenruth, the Tidewater Oil Company.

No. 16651.

United States Court of Appeals Third Circuit.

Argued Dec. 21, 1967.

Decided March 6, 1968.

Bryan W. Nickerson, Jr., pro se.

William J. Wier, Jr., Connolly, Bove & Lodge, Wilmington, Del. (John D. Fairchild, Richard R. Wier, Jr., on the brief), for appellee, A. G. Birkenruth.

Before BIGGS, McLAUGHLIN and VAN DUSEN, Circuit Judges.

## OPINION OF THE COURT

VAN DUSEN, Circuit Judge.

The appellant, Nickerson asks this court to reverse the dismissal with prejudice entered by the District Court of his patent infringement suit. Nickerson holds Reissue Patent No. 24,518, a patent relating to a white sidewall attachment for vehicle tires. Nickerson instituted a previous infringement action against the Bearfoot Sole Co. (*Bearfoot* case). The unreported decision of the District Court in that case, holding the above patent valid and infringed, was reversed by the Court of Appeals for the Sixth Circuit in a lengthy and exhaustive opinion holding the patent invalid for want of invention.[1] Approximately two years after the *Bearfoot* decision, Nickerson sued again for infringement of this same patent, bringing his action in the District Court for Delaware against Pep Boys— Manny, Moe & Jack (*Pep Boys* case). The District Court entered summary judgment for the defendants,[2] on the grounds that the *Bearfoot* case was *res judicata* or collaterally estopped Nickerson from relitigating the validity of his patent, albeit against different defendants. Nickerson appealed to this court, No. 15757. Before argument, however, *Pep Boys* was settled and by agreement dismissed without prejudice. Our strong policy of encouraging such amicable settlement of controversies requires us to disregard entirely the *Pep Boys* case except to the extent, noted below, that the present parties have agreed that the record in the *Pep Boys* case is part of the record in this case.

Nickerson then brought a third infringement suit in the District Court for Delaware against the present appellees. Appellee, Birkenruth, joined by the other appellees, moved to dismiss the complaint with prejudice. The District Court granted the motion for the reasons stated in the earlier opinion in *Pep Boys* pursuant to an agreement among all parties that, "for reasons of appeal, the parties accept the * * * [*Pep Boys*] opinion."[3]

At the outset, the use we should make of the *Pep Boys* decision must be considered in some detail. An important controversy exists over whether Mr. Nickerson had more evidence to offer in the present case than was offered in the original *Bearfoot* litigation. The judge below in his *Pep Boys* opinion found that, "Plaintiff has not suggested that he has additional evidence to present to this Court if he should go to trial."[4] On this basis, a motion for summary judgment was granted. The order appealed from in the case now before the court, which incorporates the *Pep Boys* opinion by reference, grants a motion to "dismiss with prejudice" on the grounds of collateral estoppel under the doctrine of *res judicata*. The appellees argue that such a motion includes a factual determination on the basis of the record (see F.R.Civ.P. 12(b) & (c)) similar to that involved in summary judgment, and that, in agreeing to use of the *Pep Boys* opinion, Nickerson has agreed that, in this case too, he has no new evidence to present.

Although the record is devoid of any specific suggestion that Nickerson in fact has more evidence, he maintained at oral argument that he does have new material on the "state of the prior art." In addition he insists that his agreement to ac-

1. Nickerson v. Bearfoot Sole Company, 311 F.2d 858 (6th Cir.), cert. den. 375 U.S. 815, 84 S.Ct. 48, 11 L.Ed.2d 50, rehearing den., 375 U.S. 949, 84 S.Ct. 343, 11 L.Ed. 2d 279 (1963).

2. Nickerson v. Pep Boys—Manny, Moe & Jack, 247 F.Supp. 221 (D.Del.1965). In *Pep Boys* and the present case Nickerson has appeared pro se.

3. Document 19.

4. 247 F.Supp. at 224.

cept "the opinion" for purposes of appeal was prefaced with a statement that he accepted the "conclusions of law" in the *Pep Boys* opinion. As the judge suggested in the discussion in open court of one aspect of the order entered in this case, the agreed upon Rule 54(b) order

> "would simply give Mr. Nickerson an opportunity to get before the Court of Appeals a doctrine which I have sponsored, as to the soundness of which, from the standpoint of precedent at least, there is some question which I recognize and he recognizes." [5]

In light of the above, and since we are faced with a dismissal without trial or hearing where the plaintiff should receive the benefit of any doubt, we assume for purposes of this appeal that Nickerson does have new evidence to offer in the present case, which evidence was not present in the *Bearfoot* litigation. With this exception, the decision in *Pep Boys* is regarded as the opinion below.

The District Court held that the *Bearfoot* litigation barred Nickerson by collateral estoppel under the doctrine of *res judicata* from relitigating the validity of his patent in another circuit. In so ruling, the judge found encouragement in our decision in Bruszewski v. United States, 181 F.2d 419 (3d Cir.) cert. denied 340 U.S. 865, 71 S.Ct. 87, 95 L.Ed. 632 (1950), that the "doctrine of mutuality" was not properly a requirement of *res judicata*.[6] Under this approach, once a patent holder has his full day in court and suffers an adverse decision on the merits, he is estopped in a subsequent attempt to prove the validity of his patent even though the defendant selected is not in "privity" with the initial defendant.[7]

In the field of patent litigation, however, regardless of the rule on mutuality in other fields, the insistence on mutuality has been consistently strong. For a defendant successfully to raise the defense of *res judicata* in a patent case, "mutuality" requires that he or his privy have been parties in the prior litigation. The broad language in Triplett v. Lowell, 297 U.S. 638, 642–644, 56 S.Ct. 645, 80 L.Ed. 949 (1936) would seem to require us to hold that a prior judgment of invalidity in another circuit is no bar to a suit against different defendants in this circuit for infringement, except on the grounds of comity.[8] While it does appear that the court below may well be correct in concluding that Triplett v. Lowell was either wrongly decided or should no longer be given its customary broad reading, we do not feel that this is the proper case or the proper time for this circuit to make such a holding.[9]

In so deciding we are not unmindful of, and do not wish to change, our previous position in Bruszewski v. United States, supra, characterized as "the leading federal decision" in eroding the doctrine of mutuality, Zdanok v. Glidden Company, Durkee Famous Foods Division, 327 F.2d 944, 954 (2d Cir. 1964). We also find commendable the scholarly approach of a District Court which analyzes carefully and fairly the relevant policy considerations in applying a new and useful legal rule.[10] Nonetheless, even

---

5. Document 31; transcript of 3/3/67 argument, pp. 6–7.

6. The scholarly decision also reflected careful attention to non-federal cases and responsible academic opinion on the mutuality requirement. 247 F.Supp. at 222 n. 1.

7. This rule is not absolute and the trial judge discussed at least one exception he could hypothesize. 247 F.Supp. at 224.

8. See e.g., Technograph Printed Circuits, Ltd. v. United States, 372 F.2d 969, 178 Ct.Cl. 543 (1967) and authorities there cited.

9. Because of our disposition we do not reach the problem of whether language in Standard Brands v. National Grain Yeast Corp., 101 F.2d 814, 816 (3d Cir. 1939); or Urquart v. Commissioner of Internal Revenue, 215 F.2d 17, 20 (3d Cir. 1954) must be overruled and this case argued before the court en banc.

10. Agrashell v. Bernard Sirotta Company, No. 63–C–206 (E.D.N.Y. June 3, 1966), indicates that the Second Circuit may share the point of view of the opinion below, although the previous determination was that Agrashell was not "sole owner"—perhaps making it a title case, not a validity-infringement case.

though we may agree that a strict requirement of mutuality should not be continued in the field of patent litigation, two considerations prompt us to reverse the lower court in this particular case.

■■ The general rules of *res judicata* prevent relitigation not only of matters actually raised and decided in a prior patent validity suit, but the bar also applies to matters or arguments which might have been raised in support of the claimed validity and infringement but were omitted.[11] An exception to this rule is that the bar will not prevent the second litigation when the new suit proceeds on a new cause of action.[12] Since we do not know the nature of Nickerson's "additional evidence," we are unable to judge whether it shows that an entirely different factual basis supports the patent's validity or there exists a new "cause of action." It thus can not clearly be said on this record that Nickerson has fairly had his "day in court" in the *Bearfoot* litigation.[13] In any event such a determination must first be made by the district court.[14]

■ In addition, we note that, as the result of a recommendation of a Presidential Commission, "The Patent Reform Act of 1967" was introduced in both the House of Representatives and the Senate on February 21, 1967.[15] One new section, proposed 35 U.S.C. § 294, provides in subsection (a) that a final adjudication holding a patent invalid and from which no appeal has been taken, shall constitute an estoppel against the patentee in any subsequent action.[16] Other bills have also been introduced opposing the bills of February 21, 1967,[17] and the problem of judicial review remains to be argued.[18] Since it is quite clear there is a substantial chance of Congressional action in the very near future, our affirmance of a new patent litigation estoppel rule in this case would be ill-timed. But in otherwise indicating our general approval of the opinion below we do more than endorse careful and enlightened decisions by the District Courts in our Circuit, we also affirm the general position of this court in Bruszewski v. United States, supra, that a strict rule of mutuality no longer has a proper place in the doctrine of *res judicata*.

For the above reasons, the March 9, 1967 judgment of the District Court will be reversed, and the case remanded for disposition in accordance with this opinion.

---

11. See e.g., 1B Moore, Federal Practice, ¶ 10.410[1] (2d ed.1965).

12. Ibid., at p. 1154, nn. 18, 19. See e.g., Gedeon v. State Farm Mutual Automobile Insurance Co., 342 F.2d 15, 17 (3d Cir. 1965).

13. Cf., Smith v. Pittsburgh Gage and Supply Company, 388 F.2d 983 (3d Cir. Jan. 26, 1968).

14. E.g., Ripple Sole Corp. v. Thrifty Drug Store Co., Inc., 133 U.S.P.Q. 135 (S.D. Calif. 1962).

15. S. 1042 introduced Feb. 21, 1967 by Senator McClellan; H.R. 5924 introduced Feb. 21, 1967 by Rep. Kastenmeier.

16. Section 294, S. 1042. See General Tire & Rubber Co. v. Isocyanate Products, Inc., 270 F.Supp. 868, 869, n. 3 (D.Del. 1967).

17. S. 2597 introduced October 30, 1967 by Senator Dirksen; H.R. 13951 introduced Nov. 9, 1967 by Rep. Poff. See for example the objections in Blaustein, The Presidential Commission and the Return to the Patent Act of 1793, 53 A.B.A.J. 911 (1967). The concept of "in rem invalidity" in the two February 1967 bills has been disapproved by the American Patent Law Association, the Patent Section of the American Bar Association and the National Council of Patent Law Associations.

18. N.Y. Times, Section 3, p. 14, col. 3, Jan. 28, 1968.