**Bryan W. NICKERSON, Jr., Plaintiff,**

v.

**Josef KUTSCHERA et al., Defendants.**

**Civ. A. No. 3249.**

United States District Court,
D. Delaware.

Nov. 3, 1971.

Bryan W. Nickerson, Jr., pro se.

Joseph A. Julian, Jr., Wilmington, Del., for defendant Kutschera.

William J. Wier, Jr., Wilmington, Del., for defendant Birkenruth.

### OPINION

STEEL, District Judge.

Plaintiff, patentee and owner of U. S. Reissue Patent No. 24,518, sued three defendants, Kutschera, Birkenruth and Tidewater Oil Company (later Getty Oil Co.) for infringement.

Pending for decision is the motion of Birkenruth to (a) reinstate the judgment of January 22, 1969 dismissing the

complaint[1] which the Court of Appeals vacated, and (b) vacate and set aside the judgment (order) dated October 29, 1970 adjudging the patent to be valid.

In an earlier case by plaintiff for infringement of the same patent against another defendant, Bearfoot Sole Company, having no privity with the defendants at bar, the patent was adjudged invalid by the Sixth Circuit. Nickerson v. Bearfoot Sole Co., 311 F.2d 858 (6th Cir. 1963), cert. denied, 375 U.S. 815, 84 S.Ct. 48, 11 L.Ed.2d 50, petition for rehearing denied, 375 U.S. 949, 84 S.Ct. 343, 11 L.Ed.2d 279 (1963) (alternate holding). On March 9, 1967, this Court granted motions to dismiss the present complaint on the ground that the action was barred by collateral estoppel and the doctrine of *res judicata* because of the *Bearfoot* judgment based upon this Court's reasoning in Nickerson v. Pep Boys—Manny, Moe & Jack, 247 F.Supp. 221 (D.Del.1965). (Doc. 21)[2] Plaintiff appealed. Plaintiff maintained in the Court of Appeals that he had "new evidence" concerning the state of the prior art which was not present in the *Bearfoot* litigation. For this reason the Court of Appeals reversed the dismissal and remanded the case so that this Court could determine whether evidence then available to plaintiff showed an entirely different factual basis to support the patent's validity than plaintiff had presented in *Bearfoot*. Nickerson v. Kutschera, 390 F.2d 812 (3d Cir. 1968).

Following the remand, this Court reviewed the "new evidence" and finding it insufficient to relieve plaintiff from the bar of the estoppel by judgment, again granted the motions of defendants

to dismiss the complaint. 295 F.Supp. 1 (D.Del.1969).

Plaintiff appealed and the case was again reversed and remanded. Nickerson v. Kutschera, 419 F.2d 983 (1969) with a dissent by Judge Hastie. The majority stated that although this Court had found no "new evidence" different from that before the Court in *Bearfoot*, nevertheless the decision of the Supreme Court in Triplett v. Lowell[3] was controlling and prevented a dismissal. In *Triplett* the Supreme Court had held that an adjudication adverse to claims of a patent in one suit was not a bar to a second suit on the same claims by the same plaintiff against a defendant who was not in privity with the defendant in the first action.

Following the remand, the defendants stated they would not defend the action. Plaintiff thereupon moved for a default judgment. This Court then held a hearing, undefended, on the limited questions of ownership of the patent by Nickerson and its validity, following which on November 2, 1970 it made findings of fact, conclusions of law and entered a judgment (order) adjudging that the patent was valid and that plaintiff was the owner. While the order did not in terms provide that it was rendered by default, this was its posture since before the hearing all defendants had refused to defend, and plaintiff had moved for a default judgment.

Before the remaining issue of infringement was tried, Blonder-Tongue Laboratories, Inc. v. University of Illinois Foundation, 402 U.S. 313, 91 S.Ct. 1434, 28 L.Ed.2d 788 (1971) was decided. This decision is the basis of the pending motion.[4]

1. Actually the dismissal was of the supplemental complaint which had added Birkenruth and Tidewater Oil Co. as parties defendant.

2. An appeal was taken by plaintiff in the *Pep Boys* case, but before argument in the Court of Appeals the case was settled. See Nickerson v. Kutschera, 390 F.2d 812, 813 (3d Cir. 1968).

3. 297 U.S. 638, 56 S.Ct. 645, 80 L.Ed. 949 (1936).

4. When the motion was initially filed, this Court suggested that it might be without jurisdiction to act on the motion in view of the outstanding mandate of the Court of Appeals which directed it to dispose of the case on its merits. Kutschera then filed a similar motion in the Court of

Since the infringement issue has not been decided, the order of November 2, 1970, adjudging the patent to be valid is still in the lap of the Court to be vacated or modified, as warranted. The fact that defendants defaulted in presenting a defense to the validity claim should not foreclose them from now seeking relief under *Blonder-Tongue Laboratories, supra*. When the defendants defaulted the latter case had not yet been decided. Moreover, defendants had urged from the outset the bar of the *Bearfoot* adjudication to relitigating the question of validity of the patent.[5] Only after the Court of Appeals in this case had held in its 1969 decision that the *Bearfoot* judgment did not operate as an estoppel did defendants determine to withhold defending against the claim of validity. In the circumstances it would be inequitable to rule that this defense so persistently urged by defendants has now been waived.

Turning to the merits of the Kutschera motion, *Blonder-Tongue, supra,* 402 U.S. at 350, 91 S.Ct. at 1453, holds that:

"* * * [T]he uncritical acceptance of the principle of mutuality of estoppel expressed in Triplett v. Lowell [the keystone of the Court of Appeals decision in 419 F.2d 983 (1969)] is today out of place. Thus, we conclude that *Triplett* should be overruled to the extent it forecloses a plea of estoppel by one facing a charge of infringement of a patent that has once been declared invalid."

The Supreme Court, however, added a cautionary note, 402 U.S. at 332–335, 91 S.Ct. at 1445, saying:

"Moreover, we do not suggest, without legislative guidance, that a plea of

estoppel by an infringement or royalty suit defendant must automatically be accepted once the defendant in support of his plea identifies the issue in suit as the identical question finally decided against the patentee or one of his privies in previous litigation. Rather, the patentee-plaintiff must be permitted to demonstrate, if he can, that he did not have 'a fair opportunity procedurally, substantively and evidentially to pursue his claim the first time.' Eisel v. Columbia Packing Co., 181 F.Supp. 298, 301 (Mass.1960). This element in the estoppel decision will comprehend, we believe, the important concerns about the complexity of patent litigation and the posited hazard that the prior proceedings were seriously defective.

Determining whether a patentee has had a full and fair chance to litigate the validity of his patent in an earlier case is of necessity not a simple matter. In addition to the considerations of choice of forum and incentive to litigate mentioned above, certain other facts immediately emerge. For example, if the issue is nonobviousness, appropriate inquiries would be whether the first validity determination purported to employ the standards announced in Graham v. John Deere Co., *supra*; [383 U.S. 1, 86 S.Ct. 684, 15 L.Ed.2d 545 (1966)] whether the opinions filed by the District Court and the reviewing court, if any, indicate that the prior case was one of those relatively rare instances where the courts wholly failed to grasp the technical subject matter and issues in suit; and whether without fault of his own the patentee was deprived of crucial evidence or witnesses in the first litigation. But as so often is the

Appeals. This was denied without prejudice to Kutschera moving in this Court for any relief to which he was entitled under *Blonder-Tongue, supra*.

5. In his answer filed January 17, 1967 Birkenruth alleged that the patent was invalid "under the doctrine of *res judicata* because of prior adjudication of in-

validity". Upon this ground Birkenruth moved to dismiss the complaint on January 24, 1967.
In the order of March 9, 1967, which granted the motion to dismiss it was stated that the defendants Kutschera and Tidewater Oil Co. had also joined Birkenruth in his motion (Doc. 21).

case, no one set of facts, no one collection of words or phrases, will provide an automatic formula for proper rulings on estoppel pleas. In the end, decision will necessarily rest on the trial courts' sense of justice and equity." [footnotes deleted]

Plaintiff has already been given the opportunity—which he pursued unsuccessfully—to establish that he had "new evidence" concerning the state of the prior art which he had not presented in the *Bearfoot* litigation. It may be that plaintiff, a layman who is proceeding *pro se*, may have other facts or arguments to advance to establish that he did not have a fair opportunity procedurally, substantively and evidentially to pursue his claim against Bearfoot. If plaintiff can do so, the pending motion should be denied; but if he fails to do so, it should be granted. Plaintiff will be given that opportunity under an appropriate order. Meanwhile decision on the pending motion will be reserved.