■ PETER O'BRIEN et al., Appellants, v CITY OF NEW YORK, Respondent.—In an action to recover damages for personal injuries, etc., brought under the Jones Act (46 USC § 688), the plaintiffs appeal from a judgment of the Supreme Court, Richmond County (Leone, J.), dated November 4, 1989, which, upon a decision by the court that the plaintiff Peter O'Brien was not a "seaman" within the purview of the Jones Act, dismissed the complaint.

Ordered that the judgment is affirmed, with costs.

When the plaintiff Peter O'Brien first began to work for the City of New York in 1974 he was assigned as a deckhand to the ferryboat "John F. Kennedy". In 1981 O'Brien was promoted to acting terminal supervisor and was stationed at the St. George Terminal in Staten Island. On February 8, 1984, O'Brien was assisting a deckhand at the terminal as the ferryboat was coming into the slip, when a deckhand on the ferryboat alerted O'Brien to an altercation between a man and woman on the ferryboat. O'Brien boarded the ferryboat from the bridge and separated the man and woman. He escorted the woman to the foreperson's office located about 20 feet from the bridge, and allowed her to make a telephone call. Approximately two minutes later the man who had been fighting with the woman approached the office. O'Brien intercepted the man outside the office door. As the man tried to gain entrance to the office, he pushed O'Brien to the side, causing him to trip over a ledge and hit the brick wall adjacent to the office entrance. The Supreme Court dismissed the complaint on the ground that O'Brien did not qualify as a "seaman" under the Jones Act. We affirm.

"[T]here is an evidentiary basis for a Jones Act case to go to the jury: (1) if there is evidence that the injured workman was assigned permanently to a vessel (including special purpose structures not usually employed as a means of transport by water but designed to float on water) or performed a substantial part of his work on the vessel; and (2) if the capacity in which he was employed or the duties which he performed contributed to the function of the vessel or to the accomplishment of its mission, or to the operation or welfare of the vessel in terms of its maintenance during its movement or during anchorage for its future trips" *(Offshore Co. v Robison,* 266 F2d 769, 779; *see, Hartley v Kiewit Sons' Co.,* 543 F Supp 401, 404; *Wolbert v City of New York,* 314 F Supp 528, 539-540).

The plaintiffs have failed to establish that O'Brien was assigned permanently to a vessel or that he performed a substantial amount of his work on a vessel. O'Brien, in his capacity as acting terminal supervisor, was assigned to the ferry terminal and its surrounding areas, and he performed a substantial part of his work on land or land extensions. O'Brien was a land-based maritime employee and cannot be deemed a "seaman" under the Jones Act *(see, McDermott Intl. v Wilander,* 498 US 337, 111 S Ct 807). Sullivan, J. P., Lawrence, Ritter and Santucci, JJ., concur.